UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
MULTI ACCESS LIMITED, :
:
                Plaintiff, :
:
:
  -v- :          1:20-cv-07397 (LJL)
:
GUANGZHOU BAIYUNSHAN :
PHARMACEUTICAL HOLDINGS CO., LTD. :        PROTECTIVE ORDER
(AKA GUANGZHOU BAIYUNSHAN :
PHARMACEUTICAL HOLDING CO., LTD.) :
and WLJ (AMERICA) CO. INC., :
:
:
                Defendants. :
------------------------------------------------------------ X

LEWIS J. LIMAN, United States District Judge:

    WHEREAS Plaintiff Multi Access Limited and Defendants Guangzhou Baiyunshan Pharmaceutical Holding Co., Ltd. and WLJ (America) Co. Inc. Ltd. (collectively, "Defendants") (Plaintiff and Defendants shall be referred to collectively as the "Parties," and individually, a "Party") request that this Court issue a protective order ("Protective Order") pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery, including jurisdictional discovery related to Guangzhou Baiyunshan Pharmaceutical Holding Co., Ltd.'s Federal Rule 12(b)(1) motion to dismiss for lack of personal jurisdiction,[1] in this case;

    WHEREAS, the Parties, through counsel, agree to the following terms;

    WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends

---

[1] Defendants' Motion to Dismiss (ECF Nos. 27, 28) remains pending. In seeking entry of the proposed Protective Order, Defendants do not waive any defenses or arguments raised in the Motion to Dismiss or admit that this Court has jurisdiction over Guangzhou Baiyunshan Pharmaceutical Holding Co., Ltd., but expressly reserve all claims, defenses, and counterclaims.

to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "**Confidential**" or "**Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)**" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential or Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive) Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as **Confidential** only such portion of such material the public disclosure of which is either restricted by law or will

cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is used and that consists of:

    (a)    previously nondisclosed financial information;

    (b)    previously nondisclosed material relating to ownership or control of any non-public company;

    (c)    previously nondisclosed business plans, product development information, or marketing plans;

    (d)    any information of a personal or intimate nature regarding any individual; or

    (e)    any other category of information hereinafter given confidential status by the Court.

For the avoidance of doubt, any Discovery Material produced by the parties in connection with Trademark Trial and Appeal Board Opposition Nos. 91233411, 91235434, 91234831, 91234843, and 91234845 or other legal or administrative proceedings between the parties does not render such Discovery Material "previously disclosed" under this Protective Order, and may be designated as **Confidential** as appropriate.

3.    The person producing any given Discovery Material may designate as **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** any **Confidential** Discovery Material, which, because of its sensitivity, should not be disclosed to the receiving Party or its officers or employees, and that contains:

    (a)    sensitive technical information, including current research, development and manufacturing information;

    (b)    sensitive business or personal information, including highly sensitive financial, banking, or marketing information;

(c) competitive business or technical information, including non-public financial, technical, and marketing analyses, media scheduling, comparisons of competitor's products or services, and strategic product/service expansion plans;

(d) personal health or medical information; or

(e) any other commercially sensitive information the disclosure of which to non-qualified persons subject to this Protective Order the producing party reasonably and in good faith believes would likely cause harm.

For the avoidance of doubt, any Discovery Material produced by the parties in connection with Trademark Trial and Appeal Board Opposition Nos. 91233411, 91235434, 91234831, 91234843, and 91234845 or other legal or administrative proceedings between the parties does not render such Discovery Material "previously disclosed" under this Protective Order, and may be designated as **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** as appropriate.

4. With respect to the **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "**Confidential**" or "**Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)**" by: (a) stamping or otherwise clearly marking as "**Confidential**" or "**Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)**" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** either by (a) indicating on the record during the deposition that a question calls for **Confidential** or **Confidential – Attorneys' Eyes Only (Trade**

**Secret/Commercially Sensitive)** information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive) Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)**, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)**.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)**, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)**, as the case may be, under the terms of this Protective Order.

7. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as **Confidential** to any other person whomsoever, except to:

(a) the Parties (including employees of a Party) to this action, their insurers, and counsel to their insurers;

(b) outside counsel retained specifically for this action, including counsel appearing for the parties in this matter, as well as Plaintiff and Defendants' local counsel located in Hong Kong and China, respectively, that are assisting in this matter (including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter);

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action;

(i) this Court, including any appellate court, and the court reporters and support personnel for the same; and

(j) other persons only upon written consent of the producing party, such consent not being unreasonably withheld, or upon order of the Court, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and on such conditions as may be agreed or ordered.

8. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** to any other person whomsoever, except to the persons identified in subparagraphs 7(b), (c), (d), (e), (g), (h), (i), and (j).

9. Prior to any disclosure of any **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** Discovery Material to any person referred to in subparagraphs 7(d), 7(f), 7(g), or 7(j) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(B) of this Court's Individual Practices in Civil Cases.

11. Any Party who requests additional limits on disclosure may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties

will address their dispute to this Court in accordance with Paragraph 1(B) of this Court's Individual Practices in Civil Cases.

12. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

13. Recipients of **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto. Recipients specifically (and by way of example and not limitations) may not use **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure in this action. In particular, the Parties may use in this matter information and material already produced in Trademark Trial and Appeal Board Opposition Nos. 91233411, 91235434, 91234831, 91234843, and 91234845 pending between the Parties (the "Trademark Proceedings"). To the extent a Party seeks to use for purposes of this matter information or material that was designated by a Party as Confidential or Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive) pursuant to the operative protective

order in the Trademark Proceedings, such use must be in accordance with the provisions contained in this Protective Order. This includes the provisions of paragraph 10 hereto, under which a Party may object to any Confidential or Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive) designation made in the Trademark Proceedings that such Party does not believe meets the requirements for such designation under this Protective Order.

14.     Nothing in this Protective Order will prevent any person subject to it from producing any **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

15.     All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(G) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings

required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

16. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

17. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** Discovery Material itself, and not text that in no material way reveals the **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** Discovery Material.

18. Each person who has access to Discovery Material that has been designated as **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or

defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as **Confidential** or **Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)**, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this Order. Counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

21. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| | |
|---|---|
| McCARTER & ENGLISH, LLP | KUBLANOVSKY LAW, LLC |
| By: /s/ James H. Donoian<br>    James H. Donoian<br>    Lori J. Shyavitz<br>Worldwide Plaza<br>825 Eighth Avenue, 31st Floor<br>New York, New York 10019<br>Tel.: (212) 609-6800<br>jdonoian@mccarter.com<br>lshyavitz@mccarter.com<br><br>Susan Okin Goldsmith (pro hac vice pending)<br>McCarter & English, LLP<br>Two Tower Center Boulevard<br>East Brunswick, New Jersey  08816<br>Tel.: (732) 867-9670<br>sgoldsmith@mccarter.com<br><br>Attorneys for Plaintiff<br>Multi Access Limited | By: /s/ Eugene D. Kublanovsky<br>    Eugene D. Kublanovsky<br>10 East 39th Street, 12th Floor<br>New York, New York 10016<br>Tel: (212) 729-4707<br>eugene@edklaw.com<br><br>ADAMS AND REESE LLP<br>Maia T. Woodhouse, Esq.<br>TN BPR No. 030438 (*pro hac vice* pending)<br>424 Church Street 28 Floor<br>Nashville, Tennessee  37219<br>Tel: (615) 259-1450<br>Fax: (615) 259-1470<br>maia.woodhouse@arlaw.com<br><br>Caitlin H. Smith, GA Bar No. 500005 (*pro hac vice* pending)<br>3424 Peachtree Road NE, Suite 1600<br>Atlanta, Georgia 30326<br>Tel: (470) 427-3700<br>caitlin.smith@arlaw.com<br><br>Attorneys for Defendants<br>Guangzhou Baiyunshan Pharmaceutical Holdings Co., Ltd. (aka Guangzhou Baiyunshan Pharmaceutical Holding Co., Ltd.) and WLJ (America) Co. Inc. |
| Dated: May 24, 2021 | Dated: May 24, 2021 |

SO ORDERED

Dated:   June 8, 2021
         New York, New York

                                            LEWIS J. LIMAN
                                       United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
MULTI ACCESS LIMITED,                                        :
                                                             :
                    Plaintiff,                               :
                                                             :
     -v-                                                     :       1:20-cv-07397 (LJL)
                                                             :
GUANGZHOU BAIYUNSHAN                                         :       NON-DISCLOSURE
PHARMACEUTICAL HOLDINGS CO., LTD.                            :       AGREEMENT
(AKA GUANGZHOU BAIYUNSHAN                                    :
PHARMACEUTICAL HOLDING CO., LTD.)                            :
and WLJ (AMERICA) CO. INC.,                                  :
                                                             :
                    Defendants.                              :
------------------------------------------------------------ X

LEWIS J. LIMAN, United States District Judge:

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                          _____

          _____                          _____