```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
MULTI ACCESS LIMITED,                                            :
                                                                 :
                                 Plaintiff,                      :
                                                                 :       20-cv-7397 (LJL)
           -v-                                                   :
                                                                 :       MEMORANDUM AND
GUANGZHOU BAIYUNSHAN PHARMACEUTICAL                              :            ORDER
HOLDINGS CO., LTD. and WLJ (AMERICA) CO.                         :
INC.,                                                            :
                                                                 :
                                 Defendants.                     :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Three motions are currently before the Court: (i) Defendants' motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 12(b)(7), principally for absence of jurisdiction over defendant Guangzhou Baiyunshan Pharmaceutical Holdings, Co. ("GBP") and the resulting absence of an indispensable party (Dkt. No. 27); (ii) Plaintiff's motion pursuant to Federal Rule of Civil Procedure 15 for leave to serve an amended complaint which would add jurisdictional allegations and name eight new parties as additional defendants (Dkt. No. 50); and (iii) Plaintiff's motion to strike the declaration submitted by Defendants in connection with the motion to dismiss (Dkt. No. 52). The Court previously ordered jurisdictional discovery in this case, Dkt. No. 31, which has now been completed. Fact discovery otherwise has not gone forward.

Consistent with the Court's Individual Practices in Civil Cases 3(C) and Federal Rule of Civil Procedure 15, the Court grants Plaintiff leave to amend its complaint. A court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). At the same time, leave to amend "should generally be denied in instances of futility, undue delay, bad faith

or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008)). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

      Plaintiff's motion for leave to amend was made before the commencement of any non-jurisdictional fact discovery in this case, and there has been no showing of bad faith or undue delay.  Nor is there any prejudice to Defendants by permitting the requested amendment.  Defendants argue that "[i]f amendment is permitted at this stage, then it will only lead to a renewed motion to dismiss GBP for lack of jurisdiction under Rule 12(b)(1) and renewed motion to dismiss the entire case for failure to join an indispensable party under Rule 19(b)."  Dkt. No. 57 at 4.  But Defendants identify no prejudice they would suffer from having to rebrief the motion to dismiss currently before the Court.  It is more prudent, more efficient, and fairer to consider a motion to dismiss on the basis of all of the facts alleged in an amended complaint rather than to consider first the original complaint and then (assuming the Court were to agree with Defendants that that complaint should be dismissed) whether Plaintiff should be granted leave to file an amended complaint.

      Defendants also argue that seven of the eight new defendants are Chinese companies who would have to be served in accordance with Hague Convention protocols, "which will further delay this case by several months," and that those new parties will likely have jurisdictional defenses.  *Id.*  However, Defendants identify no prejudice to them by a delay in the resolution of Plaintiff's lawsuit "by several months" or the prejudice they would suffer by having these new defendants added to the case by way of amendment rather than, for example, by having Plaintiff

file a new lawsuit naming the eight new defendants. The Court is not making any decision now whether Plaintiff would be entitled to jurisdictional discovery with respect to those defendants; that issue can await the service and appearance of the new defendants when they will have a right and opportunity to be heard.

Finally, Defendants argue that the proposed amendment is futile because, even if the new parties are added, the Court would still lack jurisdiction over an indispensable party. *Id.* at 4-5. But that argument presupposes the success of Defendants' currently pending motion, an issue that the Court has not considered and that is best considered when the Court has before it a pleading with all of Plaintiff's jurisdictional facts and the facts which it believes are sufficient to state a claim.

## CONCLUSION

Plaintiff's motion for leave to amend at Dkt. No. 50 is GRANTED. Plaintiff shall file its amended complaint on or before December 3, 2021.

The Court's individual practices provide that if a complaint is amended in the face of a pending motion to dismiss, the motion to dismiss will be denied as moot, and the moving party will have the options: (a) to answer; (b) to file a motion to dismiss supported by a new memorandum in support of that motion; or (c) to submit a letter-motion stating that it will stand on its original motion to dismiss and memorandum in support. Accordingly, the motion to dismiss at Dkt. No. 27 is DENIED AS MOOT and the motion to strike at Dkt. No. 52 is DENIED AS MOOT.

Discovery is STAYED, and the status conference set for January 19, 2022 is CANCELLED. The time for Defendants to move or answer is extended to 21 days after the filing of a certificate of service reflecting that one of the new defendants named in the amended

complaint has been served or until such later date as the Court on motion or on its own motion may set.

The Clerk of Court is respectfully directed to close Dkt. Nos. 27, 50, and 52.

SO ORDERED.

Dated: November 30, 2021
New York, New York

                                                LEWIS J. LIMAN
                                          United States District Judge