UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
   MULTI ACCESS LIMITED,                  :

                                 :

                     Plaintiff,     :

                                   :

            - against -         :

                                   :

   GUANGZHOU BAIYUNSHAN          :
PHARMACEUTICAL HOLDINGS CO., LTD.   :
(AKA GUANGZHOU BAIYUNSHAN      :
PHARMACEUTICAL HOLDING  CO., LTD.);   :
WLJ (AMERICA) CO. INC.; GUANGZHOU    :
WANGLAOJI GREAT HEALTH CO., LTD.;    :
GUANGZHOU WANG LAO JI GREAT
HEALTH INDUSTRY CO., LTD. (AKA WLJ
GREAT HEALTH INDUSTRY CO., LTD.);
GUANGZHOU WANGLAOJI
PHARMACEUTICAL CO., LTD.;
GUANGZHOU WANG LAO JI GREAT
HEALTH ENTERPRISE DEVELOPMENT CO.,
LTD. (AKA WLJ GREAT HEALTH
ENTERPRISES DEVELOPMENT CO., LTD.);
GUANGZHOU PHARMACEUTICAL
HOLDINGS LTD. (AKA GUANGZHOU
PHARMACEUTICAL GROUP);  GUANGZHOU
WANG LAO JI GREAT HEALTH ENTERPRISE
CO., LTD.; GUANGZHOU WANGLAOJI
HEALTH INDUSTRY CO., LTD., and TRISTAR
FOOD WHOLESALE CO. INC.,

                     Defendants.

  -------------------------------------------------------------- x

Civil Action No. 1:20-cv-07397

**<u>AMENDED COMPLAINT</u>**

      Plaintiff Multi Access Limited ("MAL"), by and through its counsel, brings this action

against Guangzhou Baiyunshan Pharmaceutical Holdings Co., Ltd. (AKA Guangzhou

Baiyunshan Pharmaceutical Holding Co., Ltd.) ("GBP"); WLJ (America) Co., Inc. ("WLJ");

Guangzhou Wanglaoji Great Health Co., Ltd.; Guangzhou Wang Lao Ji Great Health Industry

Co., Ltd. (AKA WLJ Great Health Industry Co., Ltd.); Guangzhou Wanglaoji Pharmaceutical

Co., Ltd.; Guangzhou Wang Lao Ji Great Health Enterprise Development Co., Ltd. (AKA WLJ

Great Health Enterprises Development Co., Ltd.); Guangzhou Pharmaceutical Holdings Ltd.

(AKA Guangzhou Pharmaceutical Group); Guangzhou Wang Lao Ji Great Health Enterprise

Co., Ltd.; Guangzhou Wanglaoji Health Industry Co., Ltd., and Tristar Food Wholesale Co. Inc.

("Tristar").  (All of the aforementioned defendants shall be collectively referred to herein as

"Defendants.)"  As grounds for its complaint, MAL alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, false advertising, unfair competition

and dilution arising under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.* and

under the common law and deceptive and unfair trademark practices laws of the State of New

York, and copyright law arising under the copyright laws of the United States, 17 U.S.C. § 101 *et*

*seq.*

2.      For more than two decades MAL, both directly and through its licensees, and its

predecessors-in-interest have promoted, offered for sale and sold various products, including

herbal tea products, herbal tea-related beverages, herbal products and instant drink mixes,

bearing the Chinese characters 王老吉 (Wong Lo Kat) in the United States.  Since 2007, MAL

has promoted, offered for sale and sold a canned herbal tea beverage under the federally

registered and common law trademarks, trade dress and copyright covering MAL's Wong Lo

Kat 王老吉 brand and the unique designs and artwork of the can (the trademark, trade dress and

copyright are set forth more fully in Paragraphs 32-59 below and are sometimes referred to

collectively as "MAL's Intellectual Property")).

3.      Despite their knowledge of MAL's superior intellectual property rights in the

United States, Defendants have unlawfully copied and misappropriated MAL's trademarks, trade

dress and copyright in order to unlawfully compete with and trade off of MAL's long-established reputation and goodwill. MAL's authentic product and examples of the Defendants' infringing products are depicted below (collectively, the "GBP Infringing Products"):

**MAL's Tea Product**



**GBP's Infringing Products**






### JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332(a), and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5.     This Court has personal jurisdiction over Defendants because Defendants are engaged in substantial and regular business in the State of New York and in the Southern District of New York, including by selling their goods through retail stores located in the Southern District of New York.  Additionally, Defendants' acts have caused injury to MAL within the State of New York and the Southern District of New York.

6.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction within this district and/or because a substantial part of the events giving rise to these claims occurred within this judicial district.

## THE PARTIES

7.      Plaintiff MAL is a limited liability company of the British Virgin Islands, having an address at Palm Grove House, P.O. Box 438, Road Town, Tortola, BVI.

8.      On information and belief, GBP is a Chinese limited company, having its principal place of business at 45 Sha Mian North Street Guangzhou, Liwan District, Guangdong, China.

9.      On information and belief, WLJ is a New York corporation, having its principal place of business at 221 Grand Street, New York, New York 10013.

10.     On information and belief, Guangzhou Wanglaoji Great Health Co., Ltd. is a Chinese limited company, having its principal place of business at either 45 Sha Mian North Street Guangzhou, Liwan District, Guangdong, China or 39/F Yuexiu Financial Building, No. 28 E. Zhujiang Road, Tainhe District, Guangzhou City, Guangdong, China.

11.     On information and belief, Guangzhou Wang Lao Ji Great Health Industry Co., Ltd. (AKA WLJ Great Health Industry Co., Ltd.) is a Chinese limited company, having its principal place of business at 45 Sha Mian North Street Guangzhou, Liwan District, Guangdong, China or 39/F Yuexiu Financial Building, No. 28 E. Zhujiang Road, Tainhe District, Guangzhou City, Guangdong, China

12.     On information and belief, Guangzhou Wanglaoji Pharmaceutical Co., Ltd. is a Chinese limited company, having its principal place of business at 45 Sha Mian North Street Guangzhou, Liwan District, Guangdong, China or 39/F Yuexiu Financial Building, No. 28 E. Zhujiang Road, Tainhe District, Guangzhou City, Guangdong, China.

13.     On information and belief, Guangzhou Wang Lao Ji Great Health Enterprise Development Co., Ltd. (AKA WLJ Great Health Enterprises Development Co., Ltd.) is a Chinese limited company, having its principal place of business at 45 Sha Mian North Street Guangzhou, Liwan District, Guangdong, China or 39/F Yuexiu Financial Building, No. 28 E. Zhujiang Road, Tainhe District, Guangzhou City, Guangdong, China.

14.     On information and belief, Guangzhou Pharmaceutical Holdings Ltd. (AKA Guangzhou Pharmaceutical Group) is a Chinese limited company, having its principal place of business at 45 Sha Mian North Street Guangzhou, Liwan District, Guangdong, China or 39/F Yuexiu Financial Building, No. 28 E. Zhujiang Road, Tainhe District, Guangzhou City, Guangdong, China.

15.     On information and belief, Guangzhou Wang Lao Ji Great Health Enterprise Co., Ltd. is a Chinese limited company, having its principal place of business at 45 Sha Mian North Street Guangzhou, Liwan District, Guangdong, China or 39/F Yuexiu Financial Building, No. 28 E. Zhujiang Road, Tainhe District, Guangzhou City, Guangdong, China.

16.     On information and belief, Guangzhou Wanglaoji Health Industry Co., Ltd. is a Chinese limited company, having its principal place of business at 39/F Yuexiu Financial Building, No. 28 E. Zhujiang Road, Tainhe District, Guangzhou City, Guangdong, China.

17.     On information and belief, Tristar Food Wholesale Co. Inc. is a New Jersey corporation, having its principal place of business at 115 Amity Street, Jersey City, NJ 07304.

**MAL'S BUSINESS**

18.     MAL is the successor in interest to the U.S. rights formerly held by companies owned by the descendants of Mr. Wong Lo Kat 王老吉, the creator of a secret formula for a

6

famous herbal tea sold under his name since the 1800s in the Guangdong Province of China, formerly known as Canton, where Cantonese is spoken.

19.     In or about 1897, Mr. Wong Lo Kat's son, Mr. Wong Kwai Fa, and grandson, Mr. Wong Heng Yu, established operations in Hong Kong, where their business remains to this day.

20.     In or about 1913, a business separation agreement was reached among Mr. Wong Lo Kat's descendants, including those operating the business in Mainland China, concerning the operations in Hong Kong and Mainland China.  Since 1913, the Hong Kong business has been controlled by Mr. Wong Kwai Fa and Mr. Wong Heng Yu and their family and successors separately and apart from the business in Mainland China.

21.     The rights in and to the Wong Lo Kat brand in jurisdictions outside of Mainland China, including the United States, remained with Mr. Wong Heng Yu and his successors.

22.     MAL's Wong Lo Kat branded products have been continuously sold in the United States since at least 1897.

23.     GBP's products were not and could not have been sold in the United States until at least the 1970s.

24.     Wherever the Cantonese dialect is spoken, including in Hong Kong and the Guangdong Province of mainland China, the Chinese characters 王老吉 are pronounced as WONG LO KAT.

25.     Wherever the Mandarin dialect is spoken, including in mainland China, the characters 王老吉 are pronounced as WANG LAO JI.

26.     MAL, through its predecessors in interest and licensees, promotes, offers for sale, and sells and has promoted, offered for sale, and sold various herbal tea-related beverages and

herbal tea products containing Mr. Wong Lo Kat's secret formula in the United States under the Wong Lo Kat 王老吉 brand (the "Wong Lo Kat Tea Products").

27.     In particular, the Wong Lo Kat Tea Products have had and continue to enjoy significant commercial success and customer satisfaction in the United States due to the high quality associated with MAL's products.

28.     MAL has spent significant time and resources developing, promoting and protecting its Wong Lo Kat brand around the world, and those efforts, along with the high quality of the products, have resulted in significant consumer goodwill.

29.     Among MAL's most popular and profitable products are its herbal teas sold in a red can, depicted below (the "Wong Lo Kat Red Can"):



30.     The design of the artwork and graphics comprising the Wong Lo Kat Red Can began in Hong Kong in 1995 and, after some modifications, the design was completed in 1998, and it has been used in connection with the Wong Lo Kat Red Can to the present.

31.     The intellectual property rights MAL owns, specifically its rights in and to the

trademarks and the distinctive design used on and in connection with the Wong Lo Kat Red Can, as well as its unique and inherently distinctive branding, which are subject to trademark, trade dress and copyright protection, are among MAL's most important assets (MAL's Intellectual Property is described more fully in Paragraphs 32-59.

### MAL's Red Label Registered Design

32.     MAL is the owner of U.S. Registration No. 4657844, which was filed on the basis of a foreign registration (the "Red Label Design Mark"), and is depicted below:



33.     The Red Label Design Mark is described in the registration as: "The color(s) red, black and brown is/are claimed as a feature of the mark. The mark consists of an arrangement of bands of various widths of brown, red and black in the following order from top to bottom: brown, red, black, red, black, red, black and red."

34.     MAL has used the Red Label Design Mark in United States commerce since at least as early as 2007.  A copy of the Trademark Status Document Retrieval (TSDR) records for the Red Label Design Mark is attached as Exhibit A.

35.     The label design of the Wong Lo Kat Red Can features all of the elements enumerated in the Red Label Design Mark, namely, an arrangement of bands of various widths of brown, red and black in the following order from top to bottom: brown, red, black, red, black, red, black and red.

### MAL's Wong Lo Kat Trade Dress

36.     Since at least as early as 2007, the Wong Lo Kat Red Can has continuously featured a combination of distinctive source-identifying elements, including: (1) the Chinese characters 王老吉 appearing in the color yellow and shadowed in black positioned vertically in the center of the can's principal display panel, (2) a vibrant red background, (3) a thicker black or dark brown band followed by a thinner black or dark brown band at the top of the can, and (4) a thinner black band followed by a thicker black band at the bottom of the can, all of which combine to form strong, enforceable trade dress (the "Wong Lo Kat Trade Dress").

37.     Since its release in 2007, MAL has sold more than 17 million units of herbal tea in a can bearing the Red Label Design Mark and the Wong Lo Kat Trade Dress in the United States.

38.     The Red Label Design Mark and Wong Lo Kat Trade Dress are non-functional and distinctive, and the public recognizes and understands that the Red Label Design Mark and Wong Lo Kat Trade Dress distinguish and identify genuine Wong Lo Kat Tea Products.

39.     As a result of MAL's extensive promotion and use of the Red Label Design Mark and Wong Lo Kat Trade Dress, as well as the sale of the Wong Lo Kat Tea Products in connection with the Red Label Design Mark and Wong Lo Kat Trade Dress, MAL has acquired valuable goodwill in the United States that the Red Label Design Mark and Wong Lo Kat Trade Dress embody.

40.     The purchasing public in the United States has come to associate the Red Label Design Mark and the Wong Lo Kat Trade Dress with MAL and its Wong Lo Kat Tea Products.

41.     MAL's distributors have spent substantial resources in advertising and otherwise

10

promoting the Red Label Design Mark and the Wong Lo Kat Trade Dress in the United States.

42.     As a result of MAL's distributors' efforts, United States consumers readily identify the canned herbal tea beverage sold under the Red Label Design Mark and the Wong Lo Kat Trade Dress as being high quality merchandise emanating from, sponsored by, or approved by MAL.

43.     The Red Label Design Mark and Wong Lo Kat Trade Dress have become well-known among United States consumers and accordingly should be afforded tremendous strength.

**MAL's Copyrighted Wong Lo Kat Work**

44.     The artwork and graphic design on the Wong Lo Kat Red Can is an original work of authorship created and protected under the copyright laws of Hong Kong SAR (the "Wong Lo Kat Work").

45.     MAL is the owner of the U.S. rights in and to the Wong Lo Kat Work.

**MAL's Family of 王老吉 (Wong Lo Kat) Trademarks**

46.     MAL is also the owner of a family of 王老吉(Wong Lo Kat)-formative trademarks as described more fully below (collectively, the "Wong Lo Kat Trademarks").



47.     MAL's federally registered mark , U.S. Registration No. 2005908, claims first use anywhere since at least as early as 1897 and first use in U.S. commerce at least as early as January 1993 in connection with "herbal tea for food purposes; mixture of tea and herbal tea for food purposes" in International Class 30 (the "'908 Registration"). This trademark was registered on October 8, 1996, is incontestable and has been renewed. A copy of the TSDR records for the '908 Registration is attached as Exhibit B.

48.     The '908 Registration includes the following statement: "The Chinese characters in the mark transliterate to 'wang lao ji,' which mean 'wang,' 'old,' and 'lucky' respectively in English, but when they are used together, they have no meaning."

49.     Pursuant to 15 U.S.C. § 1057(b), MAL's certificate of registration for the '908 Registration is prima facie evidence of the validity of the '908 Registration, MAL's ownership of the 王老吉 mark and MAL's exclusive rights to use the 王老吉 mark in commerce in connection with the goods identified in the '908 Registration.

50.     The '908 Registration constitutes constructive notice to Defendants of MAL's ownership and use of the registered 王老吉 mark in connection with the goods identified in the '908 Registration.

51.     MAL's exclusive rights in the 王老吉 trademark (and, indeed, in each of the Wong Lo Kat Trademarks) predate any rights Defendants have or which they could establish in and to any mark that consists of or contains the characters 王老吉 or any Wong Lo Kat Trademarks in whole and/or in part.

52.     On July 12, 2016, MAL filed multiple applications to register the WONG LO KAT mark in vertical form, namely, 王老吉 with the U.S. Patent and Trademark Office, which were

12

assigned U.S. Application Serial Nos. 87101038, 87100961, 87100809 and 87100791 (collectively, the "MAL Applications").

53.     Chinese characters in horizontal orientation are read the same as Chinese characters in vertical orientation.

54.     Each of the MAL Applications contains the following statement: "The non-Latin characters in the mark transliterate to "Wang Lao Ji" and this has no meaning in a foreign language.

55.     U.S. Application Serial No. 87100961 (the "'961 Application") claims first use anywhere since at least as early as 1897 and first use in U.S. Commerce since at least as early as March 23, 2007 in connection with, "Chinese medicine, namely, herbal tea for medicinal purposes and Chinese medicinal herbal based preparations for the relief of inflammation and inflammatory diseases and disorders; medicinal herbs" in International Class 5.  A copy of the TSDR records for the '961 Application is attached as Exhibit D.

56.     U.S. Application Serial No. 87101038 (the "'038 Application") claims first use anywhere since at least as early as March 23, 2007, first use in a different form at least as early as 1946, and first use in U.S. Commerce since at least as early as March 23, 2007 in connection with, "Tea and herbal tea related products, namely, tea based beverages; tea essences; tea extracts." in International Class 30.  A copy of the TSDR records for the '038 Application is attached as Exhibit C.

57.     U.S. Application Serial No. 87100809 (the "'809 Application") was filed on MAL's *bona fide* intent to use in connection with "Beverages, namely, fruit juice, mineral water, aerated water, fruit extracts; preparations for making beverages, namely, mineral and aerated

waters, fruit juice, fruit extracts, fruit drinks" in International Class 32.  A copy of the TSDR records for the '809 Application is attached as Exhibit E.

58.     U.S. Application Serial No. 87100791 (the "'791 Application") was filed on MAL's *bona fide* intent to use in connection with "Tea-based confectionery" in International Class 32.  A copy of the TSDR records for the '791 Application is attached as Exhibit F.

59.     For over two decades, Wong Lo Kat Tea Products have enjoyed significant success and command premium prices in the United States.  Given the strong commercial success of MAL's Wong Lo Kat Tea Products, Defendants have chosen to unfairly trade on their popularity and goodwill, as further discussed below.

## DEFENDANTS AND DEFENDANTS' UNLAWFUL ACTS

60.     Upon information and belief, the controlling shareholder of defendant GBP is Guangzhou Pharmaceutical Holdings Limited (AKA Guangzhou Pharmaceutical Group)("GPHL"), a state-owned enterprise established by, and under the administration of, the Guangzhou Municipal People's Government State-owned Assets Supervision and Administration Commission in China.

61.     In or about the 1950s, when the Chinese government began seizing private companies and all associated assets, the Wong Lo Kat business that had remained in the People's Republic of China became a state-owned operation (the "PRC Enterprise").

62.     In or about 1988 and 1992, the PRC Enterprise applied for registration of a device mark consisting of the Chinese characters for Wong Lo Kat in the People's Republic of China. The PRC Enterprise subsequently transferred the People's Republic of China Wong Lo Kat registrations to GPHL in or about 1997, and GPHL transferred the registered marks to GBP in

14

2019 ("GBP's Registered Marks").

63. Upon information and belief, WLJ was formed in or about July 2018.

64. Upon information and belief, GBP has numerous direct and indirect subsidiaries that all play a role in advertising, promoting, offering for sale, and selling herbal tea and related products under the Wong Lo Kat brand, including the GBP Infringing Products. Among the GBP subsidiaries involved are the following entities: Guangzhou Wanglaoji Pharmaceutical Co. Ltd., Guangzhou Wang Lao Ji Great Health Enterprise Co., Ltd., Guangzhou Wang Lao Ji Great Health Industry Co., Ltd. (AKA WLJ Great Health Industry Co., Ltd.), Guangzhou Pharmaceutical Holdings Limited (AKA Guangzhou Pharmaceutical Group), Guangzhou Wanglaoji Great Health Co., Ltd., Guangzhou Wang Lao Ji Great Health Enterprise Development Co., Ltd. (AKA WLJ Great Health Enterprises Development Co., Ltd.), and Guangzhou Wanglaoji Health Industry Co., Ltd., (GBP and the defendants listed above are referred to collectively as the "GBP Enterprise").

65. Indeed, GBP's annual report and website represent that many of the GBP Enterprise entities listed in Paragraph 64 above are jointly and severally involved in the sale of the GBP Infringing Products.

66. Upon information and belief, on four different occasions from 2014 to 2019, defendant Tristar entered into exclusive sales agency agreements and general agency agreements with "Great Health," which is comprised of some or all of the following GBP Enterprise entities: Guangzhou Wang Lao Ji Great Health Enterprise Co., Ltd., Guangzhou Wang Lao Ji Great Health Industry Co., Ltd. (AKA WLJ Great Health Industry Co. Ltd.), Guangzhou Wanglaoji

Great Health Co., Ltd., Guangzhou Wang Lao Ji Great Health Enterprise Development Co., Ltd. (AKA WLJ Great Health Enterprises Development Co., Ltd.).

67.     Tristar advertises the GBP Infringing Products with graphics on its delivery truck that were provided by the GBP Enterprise, and also through print and radio, for which GBP has paid.

68.     In 2017, GBP Enterprise representatives and Tristar attended a two-day event in Chicago sponsored by the GBP Enterprise for the purpose of promoting the GBP Infringing Products.

69.     From their inception, Defendants have sought to unfairly compete with and trade off of MAL's established reputation and goodwill by adopting and using trademarks and trade dress for product packaging that are and/or were confusingly similar to that of MAL, by infringing MAL's Intellectual Property, and by falsely advertising and passing off their products as Wong Lo Kat Tea Products.

70.     In or around 2017, MAL became aware that the GBP Enterprise was promoting, offering for sale and selling herbal tea products in red cans and bottles in the United States bearing designs and markings confusingly similar to the MAL's Intellectual Property (i.e., the GBP Infringing Products).

71.     In or around December 2018, MAL became aware that defendant WLJ opened the Wang Lao Ji herbal tea museum and shop on Grand Street in New York City (the "Defendants' Tea Museum"), which is open to the public and which promotes, offers for sale, and sells the GBP Infringing Products, as well as additional tea products made by the GBP Enterprise.

72.     Mike Lien, Vice President of Tristar, claims to be the sole owner of WLJ.

16

Nevertheless the GBP Enterprise provided all the designs and graphics for the walls of Defendants' Tea Museum.

73.     The GBP Enterprise has also claimed ownership and extensive involvement with Defendants' Tea Museum.

74.     Upon information and belief, Defendants' Tea Museum sells only GBP Enterprise's products, including the GBP Infringing Products.

75.     Examples of the GBP Infringing Products are depicted below:



76.     The GBP Infringing Products copy all of MAL's Intellectual Property, including prominently featuring a red label with dark colored bands at the top and bottom of the red portions, and the Wong Lo Kat Trademarks (王老吉 or Wong Lo Kat) in yellow.

77.     The GBP Infringing Products are sold to United States consumers in various forms, including in six packs that are packaged as depicted below (the "Blue Packaging"):



78.     The Blue Packaging is clearly visible to consumers at the point of sale in both brick and mortar and e-commerce stores.

79.     The cans that are contained in the Blue Packaging are not fully visible to consumers at the point of sale.

80.     The image of the can that is shown on GBP's Blue Packaging is virtually identical to the Wong Lo Kat Trade Dress and Wong Lo Kat Work and bears the Wong Lo Kat Trademarks and the Red Label Design Mark, as depicted below:

| Wong Lo Kat Red Can | GBP's Infringing Packaging |
| --- | --- |



81.   Defendants also use the Blue Packaging in advertising materials to promote the

GBP Infringing Products:



82.   The Blue Packaging and advertising materials depicting the Blue Packaging are

false and misleading because the cans that are inside the Blue Packaging do not look like the red

can prominently featured on the outside of the Blue Packaging, as depicted below:

| Can on Outside of the Blue Packaging | Can Inside the Blue Packaging |
| --- | --- |

 

83.     The Blue Packaging contains at least the following misleading statements, further increasing the likelihood that consumers will mistakenly believe that Defendants and/or the GBP Infringing Products are authorized, sponsored, approved, endorsed and/or licensed by MAL, or emanate from or are in some other way affiliated, associated, or connected with MAL:

(a)     "Recognize the authentic Wang Lao Ji (Wong Lo Kat)," which is the translation of the red Chinese characters appearing on the Blue Packaging the right of the red can;

(b)     "The authentic herbal tea Wang Lao Ji (Wong Lo Kat) is formulated with herbal plant materials," which is the translation of the vertical black Chinese characters appearing on the red can itself to the left of the vertical yellow 王老吉 (Wong Lo Kat); and

(c)     "The national brand Wang Lao Ji (Wong Lo Kat) was founded in 1828," which is the translation of the vertical black Chinese characters appearing on the red can to the right of the yellow 王老吉 (Wong Lo Kat).

84.     In addition to the Blue Packaging, the GBP Enterprise prominently places that same, virtually identical, red can image (with the Wong Lo Kat Trademarks in vertical yellow

characters) in advertising on billboards in Times Square and in Chinese language newspapers.

85.    Defendants' Tea Museum advertises and promotes an inaccurate and misleading history of the brand, as well as touts the purported health benefits of the GBP Infringing Products.

86.    Defendants offer for sale, sell, advertise and otherwise promote the GBP Infringing Products at Defendants' Tea Museum.

87.    Defendants have made a number of false and/or misleading statements while marketing and promoting the GBP Infringing Products and the Defendants' Tea Museum.

88.    Similar misrepresentations as to the origin and history of the brand can be found among the exhibits in the Defendants' Tea Museum.  For example, a brochure distributed to visitors of the Defendants' Tea Museum contains numerous materially false and misleading statements, including: (a) that GBP or an affiliated entity is "the ancestor of herbal beverage;" (b) that GBP has been in existence since 1828; (c) that Defendants own "the authentic WANGLAOJI;" (d) omitting from the statement that Guangzhou Pharmaceutical Holdings Limited (AKA Guangzhou Pharmaceutical Group), the controlling shareholder of defendant GBP, was "given back" rights in the Wong Lo Kat brand in 2012 and that the rights received were and are limited in geographic scope, namely, to the People's Republic of China; (e) making unsubstantiated claims that GBP's tea cures diseases; and (f) generally implying that GBP was responsible for all of the milestones concerning the brand history.

89.    Defendants also prominently use a red can with the Wong Lo Kat Trademarks appearing vertically in yellow at Defendants' Tea Museum, including on signage and "to go" cups, to promote the GBP Infringing Products, as depicted below:

21



90.     Defendants' conduct, upon information and belief, is intended to mislead consumers to believe that Defendants are associated with MAL and/or that the GBP Infringing Products emanate from or are otherwise approved or sponsored by MAL. Defendants' conduct in the United States is an attempt to freeride off of MAL's brand and the goodwill developed in MAL's Intellectual Property and constitutes not only trademark, trade dress and copyright infringement, but also unfair competition under both federal and state law.

91.     Upon information and belief, long after MAL obtained exclusive rights in MAL's Intellectual Property, the GBP Enterprise launched Defendants' competing product line in the

United States blatantly copying the MAL's Intellectual Property.

92.     Defendants' use of the infringing Blue Packaging, in addition to unlawfully copying and misappropriating all of MAL's Intellectual Property, is likely to cause consumers, at the point-of-sale, to mistakenly believe that the GBP Infringing Products are authorized, sponsored, approved, endorsed and/or licensed by MAL, or emanate from or are in some other way affiliated, associated, or connected with MAL.

93.     Upon information and belief, Defendants were aware that the Red Label Design Mark, the Wong Lo Kat Trade Dress and the Wong Lo Kat Work are the original creations of, and are owned by, MAL at the time that Defendants first promoted, offered for sale, and sold the GBP Infringing Products in the United States.

94.     Upon information and belief, Defendants are promoting and selling the GBP Infringing Products in the United States at prices substantially below the prices at which authentic Wong Lo Kat Tea Products are sold, in an effort to induce consumers into thinking that they are purchasing Wong Lo Kat Tea Products at a discounted price and to free-ride off of MAL's Intellectual Property and MAL's investment in its brand recognition over decades.

95.     Upon information and belief, Defendants intend to continue to promote, offer for sale and sell the GBP Infringing Products in the United States unless otherwise restrained by this Court.

96.     In addition to selling the GBP Infringing Products, GBP has also misappropriated the Wong Lo Kat Trademarks by filing the following pending applications and registration with the United States Patent and Trademark Office in bad faith and with knowledge of MAL's prior rights in the Wong Lo Kat Trademarks (collectively, the "GBP Applications"):

(a)      U.S. Application Serial No. 87474841 (the "'841 Application") for the

mark Wang Lao Ji was filed on GBP's *bona fide* intent to use in connection with "Candy; garden

herbs, preserved; grain-based beverages; grass-based food beverages; herbal honey; hop extracts

used as flavoring for foods and beverages; herbal food beverages; herbal tea for food purposes;

chocolate-based beverages; tea-based beverages; sugar; pastries; moon cakes; rice crackers; soya

flour; ice cream; seasonings; yeast; meat tenderizers for household purposes; tea" in International

Class 30 and "Bottled water; cola; cola drinks; concentrated fruit juice; corn-based beverages not

for food purposes, namely, chicha morada; drinking water; drinking water with vitamins; energy

drinks; fruit concentrates and purees used as ingredients of beverages; fruit drinks; fruit juice;

herbal juices; mineral and aerated water; non-carbonated, non-alcoholic frozen flavored

beverages; beer; whey beverages; waters beverages; aerated water; powders used in the

preparation of fruit-based beverages; fruit juice beverages; beverages, namely, vegetable juices;

soya-based beverages, other than milk substitutes; non-alcoholic herbal beverages, namely,

herbal juices" in International Class 32.  A copy of the TSDR Records for the '841 Application is

attached hereto as Exhibit G;

(b)      U.S. Application 86691579 (the "'579 Application") for the

mark , which was filed on July 13, 2015 on the basis of use in

commerce and *bona fide* intent to use and is currently filed on GBP's *bona fide* intent to use in

connection with "Herb teas for medicinal purposes; Herbal honey throat lozenges; Medicinal

herbs; Medicinal herbs in dried or preserved form; Medicinal radix glycyrrhizae," in

International Class 5, "Garden herbs, preserved; Herbal honey," in International Class 30 and

"Drinking water with vitamins; Energy drinks; Herbal juices" in International Class 32.  A copy

of the TSDR Records for the '579 Application is attached hereto as Exhibit H; and

       (c)    U.S. Registration No. 6208210 (the "'210 Registration") for the mark

, which was filed on July 13, 2015 and registered on December 1, 2020

on the basis of use in commerce and *bona fide* intent to use and is registered in connection with

"Candy; Grain-based beverages; Grass-based food beverages; Hop extracts used as flavoring for

foods and beverages," in International Class 30, and "Bottled water; Cola; Cola drinks;

Concentrated fruit juice; Corn-based beverages not for food purposes (chicha morada); Drinking

water; Fruit concentrates and purees used as ingredients of beverages; Fruit drinks; Fruit juice;

Mineral and aerated water; Non-alcoholic peanut milk beverages not being a milk substitute;

Non-carbonated, non-alcoholic frozen flavored beverages" in International Class 32."  A copy of

the TSDR Records for the '210 Registration is attached hereto as Exhibit I; and

       (d)    U.S. Application Serial No. 79186883 (the "'883 Application") for the

mark WONGLO, which was filed on December 15, 2015, pursuant to 15 U.S.C. § 1066(a), in

connection with "Medicines for treatment of disorders of the nervous system, the immune

system, the cardio vascular system, the metabolic system, the respiratory system, the

musculoskeletal system, and the genitourinary system, not including dietary food supplements;

cough syrups; disinfectants; chemical conductors for electrocardiograph electrodes; depuratives

for the body, not including dietary food supplements; antibiotic preparations for veterinary

purposes; preparations for destroying noxious animals; surgical dressings; teeth filling material," in International Class 5, "Chicory based coffee substitute; longan syrup for food (Gui Yuan Gao); syrup for food made with tuckahoe and fritillary (Ling Bei Li Gao); loquat leaf syrup for food (Pi Pa Gao); honey; almond paste; bread; rice-based gruel; cereal preparations, namely, ready-to-eat cereal derived food bars; starch for food; ice cream; tea-based beverage also containing milk" in International Class 30, and "Beer; non-alcoholic beverages with tea flavor; soya-based beverages, other than milk substitutes; bottled water, distilled drinking water, mineral water; soda water; cola; fruit juices; herbal juices; syrups for beverages; preparations for making beverages, namely, fruit drinks" in International Class 32.  A copy of the TSDR Records for the '883 Application is attached hereto as Exhibit J.

97.     Upon information and belief, GBP has not used the WONGLO mark in the United States as set forth in the Application in connection with any of the goods set forth in the '883 Application.

98.     Upon information and belief, GBP has not used the WONGLO mark anywhere in the world as set forth in the Application in connection with any of the goods set forth in the '883 Application.

99.     Upon information and belief, Applicant has no intent to use the WONGLO mark in the United States as set forth in the Application in connection with any of the goods set forth in the '883 Application.

100.     Upon information and belief, GBP's filing of the GBP Applications only further serves to increase a likelihood of confusion between MAL's Wong Lo Kat Tea Products and the GBP Infringing Products.

26

101.    Unless Defendants' conduct is enjoined, such conduct will continue to diminish the value of MAL's valuable intellectual property rights, and severely inhibit and/or destroy the ability of the Wong Lo Kat Trademarks, Wong Lo Kat Trade Dress and Wong Lo Kat Work to identify MAL as the exclusive source of the goods to which they are affixed.

102.    The mere association of MAL with the GBP Infringing Products harms MAL's brand and reputation.

103.    Defendants continue to harm and risk harm to MAL's business, reputation, and to the goodwill in the Wong Lo Kat Trademarks.  MAL will suffer irreparable harm unless the Court enjoins Defendants from further use of the Wong Lo Kat Trademarks.

104.    To remedy the harm to MAL arising from this unfair and deceptive conduct, MAL is entitled not only to an award of substantial damages, but also a preliminary and a permanent injunction to force Defendants to immediately cease using the Wong Lo Kat Trademarks, remove all existing false advertising and associations, and to prevent Defendants from making false and misleading statements about MAL's products.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement of the '908 Registration)**

105.    MAL repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

106.    MAL is the owner of record of the '908 Registration.

107.    MAL has used and registered the mark that is the subject of the '908 Registration,

namely, , long before Defendants marketed, distributed, offered for sale and

sold the GBP Infringing Products in the United States.

108.    Defendants' use of confusingly similar imitations of the  mark in connection with the GBP Infringing Products is likely to cause consumers and potential consumers to be confused, mistaken and deceived as to the source, origin, sponsorship or approval by MAL of the GBP Infringing Products.

109.    Defendants' actions demonstrate an intentional, willful, and malicious intent to

trade on the goodwill associated with the mark to MAL's great and irreparable harm.

110.    Defendants have caused and are likely to continue causing substantial injury to the public and to MAL, and MAL is entitled injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees.

## SECOND CLAIM FOR RELIEF
### (Infringement of MAL's Red Label Design Mark)

111.    MAL repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

112.    MAL is the owner of record for the Red Label Design Mark.

113.    MAL has used in commerce and registered the Red Label Design Mark long before Defendants marketed, distributed, offered for sale and sold the GBP Infringing Products in the United States.

114.    As described above, the Red Label Design Mark has acquired secondary meaning.

28

115.    Defendants' use of confusingly similar imitations of the Red Label Design Mark in connection with the GBP Infringing Products is likely to cause consumers and potential consumers to be confused, mistaken and deceived as to the source, origin, sponsorship or approval by MAL of the GBP Infringing Products.

116.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Red Label Design Mark to MAL's great and irreparable harm.

117.    Defendants have caused and are likely to continue causing substantial injury to the public and to MAL, and MAL is entitled injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees.

### THIRD CLAIM FOR RELIEF
### (Federal Trade Dress Infringement)

118.    MAL repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

119.    The Wong Lo Kat Trade Dress is inherently distinctive, non-functional, and serves to identify MAL and its authentic Wong Lo Kat Tea Products.

120.    In addition, the Wong Lo Kat Trade Dress has acquired secondary meaning and distinctiveness in light of MAL's substantial marketing efforts, customer identification of the Wong Lo Kat Trade Dress with a particular, single source, and the length of use of the Wong Lo Kat Trade Dress as identifying MAL as the source of its particular high quality products.

121.    By virtue of using its distinctive and non-functional Wong Lo Kat Trade Dress, MAL is the owner at common law of the Wong Lo Kat Trade Dress in connection with the Wong Lo Kat Tea Products.  MAL has established valuable goodwill in the Wong Lo Kat Trade

Dress.

122.    The GBP Infringing Products so closely resemble the Wong Lo Kat Trade Dress that it is likely to cause confusion, mistake or deception.  Such use is likely to cause persons to believe, contrary to fact, that the business and products of Defendants originate with, are sponsored by, or are associated with MAL, thereby infringing the Wong Lo Kat Trade Dress and diminishing and impairing MAL's goodwill in the Wong Lo Kat Trade Dress.

123.    Defendants' acts of infringement are willful and intentional.

124.    MAL has suffered and will continue to suffer immediate and irreparable harm as a result of the promotion, use and sale of the GBP Infringing Products, and MAL is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees.

**FOURTH CLAIM FOR RELIEF**
**(Federal Unfair Competition and False Designation of Origin)**

125.    MAL repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

126.    Defendants' use of confusingly similar imitations of the Wong Lo Kat Trademarks and Wong Lo Kat Trade Dress is likely to cause confusion, to cause mistake, or to deceive persons as to the affiliation, connection, or association of Defendants with MAL, or as to the origin, sponsorship, or approval of the GBP Infringing Products or commercial activities by MAL.

127.    Defendants' unauthorized use of a trade dress that is identical and confusingly similar to the Wong Lo Kat Trademarks and Wong Lo Kat Trade Dress and adoption and use of other original material that infringes the Wong Lo Kat Trademarks and Trade Dress constitute

violations of 15 U.S.C. § 1125.  Such acts constitute (a) a false designation of origin, (b) a false or misleading description of fact and/or (c) a false and misleading representation of fact resulting in unfair competition with MAL in that such conduct is likely to cause confusion, mistake or deception, contrary to fact, that the business and products of Defendants are sponsored by, endorsed by or emanate from MAL or otherwise are connected with MAL.  Such use, therefore, causes irreparable damage and harm to MAL's goodwill in the Wong Lo Kat Trademarks, Wong Lo Kat Trade Dress, its business and its reputation.

128.    Defendants' wrongful and infringing conduct is willful and intentional.

129.    Defendants' wrongful and infringing conduct has caused and will continue to cause MAL to suffer damage and injury to its business, reputation and goodwill and to sustain substantial loss of revenues and profits.

130.    Unless enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of MAL.  MAL has no adequate remedy at law for Defendants' wrongful acts.

131.    MAL is thus entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees.

**FIFTH CLAIM FOR RELIEF**
**(Federal False Advertising)**

132.    MAL repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

133.    MAL and Defendants are competitors in the herbal tea industry.

134.    Upon information and belief, Defendants or their agents have made false and/or misleading statements, omitted statements and/or distributed misleading promotional materials in

31

interstate commerce in connection with the advertising of their goods, including the GBP Infringing Products.

135.    Upon information and belief, Defendants or their agents have made false or misleading statements regarding the history of Defendants and the GBP Infringing Products.

136.    Upon information and belief, Defendants or their agents have made unsubstantiated statements regarding the nature, characteristics and quality of the GBP Infringing Products.

137.    Upon information and belief, Defendants or their agents have disseminated advertising for the Blue Packaging showing a canned herbal tea drink that is different than the cans that consumers will find at the point of sale once the Blue Packaging is removed.

138.    The false statements or omissions contained in Defendants' promotional materials and otherwise made by Defendants or their agents are material to a consumer's decision to purchase Defendants' products, including the GBP Infringing Products.

139.    The false statements or omissions contained in Defendants' promotional materials and otherwise made by Defendants or their agents are likely to deceive or confuse a substantial segment of the audience of such statements.

140.    As a result of Defendants' or their agents' conduct, false statements and omissions in advertising, MAL has lost, and will continue to lose, the goodwill it has developed among consumers.

141.    As a result of Defendants' or their agents' conduct, MAL has been irreparably harmed and has incurred, and will continue to incur, damages in an amount to be determined at trial.

142.     Defendants have caused and are likely to continue causing substantial injury to the public and to MAL, and MAL is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees.

### SIXTH CLAIM FOR RELIEF
### (Reverse Confusion)

143.     MAL repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

144.     Defendants and MAL are worldwide competitors in the herbal tea market.

145.     As competitors in the herbal tea market, Defendants knew or should have known of MAL's rights in and to the Wong Lo Kat Trademarks and Wong Lo Kat Trade Dress in the United States.

146.     Defendants used and continue to use the Wong Lo Kat Trade Dress, the Wong Lo Kat Trademarks,  and marks that are nearly identical to the Wong Lo Kat Trademarks in the United States without the MAL's consent or permission in a manner that is likely to cause confusion among ordinary consumers as to the source of the goods.

147.     Because of the tremendous size and reach of Defendants, their misappropriation of the Wong Lo Kat Trademarks and Wong Lo Kat Trade Dress in the United States will destroy the valuable brand equity MAL has built into its mark in relatively short order.

148.     Defendants' actions in the United States are likely to cause the public to conclude incorrectly that Wong Lo Kat Tea Products emanate from Defendants, which will damage both MAL and the public.

149.     Defendants' unauthorized use of the Wong Lo Kat Trade Dress, the Wong Lo Kat Trademarks, and marks that closely resemble the Wong Lo Kat Trademarks in interstate U.S.

commerce as described above constitutes reverse trademark infringement and is likely to cause consumer confusion, mistake or deception.

150.    MAL has no adequate remedy at law.  If Defendants' unauthorized infringing acts are not enjoined, MAL will suffer immediate and continuing irreparable harm, and injury to its reputation and to the goodwill associated with its Wong Lo Kat Trademarks.

151.    As a direct and proximate result of Defendants' reverse trademark infringement, MAL has suffered and will continue to suffer loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income profits and goodwill.

152.    MAL is thus entitled to the recovery of damages, multiple damages, reasonable attorney's fees, prejudgment interest and costs pursuant to 15 U.S.C. § 1117(a) and (b).

**SEVENTH CLAIM FOR RELIEF**
**(Copyright Infringement)**

153.    MAL repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

154.    MAL is the owner of all U.S. rights, title and interest to the copyrightable elements of the Wong Lo Kat Work.

155.    The Wong Lo Kat Work is not a United States work and is thus exempt from the registration requirement of 17 U.S.C. § 411(a).

156.    The Wong Lo Kat Work is protected under the copyright laws of Hong Kong SAR.

157.    The assignor of the Wong Lo Kat Work, Mr. Chan Hung To, is a citizen of Hong Kong and has resided in Hong Kong since at least the time the Wong Lo Kat Work was created and published.

158.     The Wong Lo Kat Work was first published in Hong Kong, and was not simultaneously published in the United States.

159.     The People's Republic of China is a member of the Berne Convention and has applied the Berne Convention to the Hong Kong SAR.

160.     Defendants had access to the copyrighted Wong Lo Kat Work.

161.     Defendants, without authorization from MAL, have reproduced, distributed, created derivative works based upon, and/or publicly displayed works that are slavishly copied or caused to be copied from the Wong Lo Kat Work and that are substantially similar in overall appearance to the copyrighted Wong Lo Kat Work.

162.     Defendants thereby have willfully infringed and, upon information and belief, continue to willfully infringe the copyrighted Wong Lo Kat Work, in violation of 17 U.S.C. § 501.

163.     Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains to which Defendants are not in law or in equity entitled.

164.     Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe the copyrighted Wong Lo Kat Work and to act in bad faith, unless restrained by this Court.

165.     Because of Defendants' infringing acts, MAL is entitled to its actual damages and Defendants' products attributable in an amount to be proved at trial and all other relief allowed under the Copyright Act.

166.     Defendants' acts have damaged and will continue to irreparably damage MAL,

and MAL has no adequate remedy at law.  Accordingly, MAL is also entitled to injunctive relief.

## EIGHTH CLAIM FOR RELIEF
### (Trademark Infringement and Unfair Competition
in Violation of New York Common Law)

167.     MAL repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

168.     MAL enjoys well-established registered and common law rights in and to the Wong Lo Kat Trademarks, the Red Label Design Mark, and the Wong Lo Kat Trade Dress in the State of New York, which are superior to any rights that Defendants may claim, and MAL has built significant goodwill in the Red Label Design Mark, Wong Lo Kat Trademarks, and the Wong Lo Kat Trade Dress.

169.     MAL and Defendants are worldwide competitors in the herbal tea market.

170.     Defendants used, in connection with the sale of their GBP Infringing Products, trademarks and packaging that are identical to or confusingly similar to the Wong Lo Kat Trademarks and Wong Lo Kat Trade Dress, and which are likely to cause and/or have caused confusion, mistake or deception as to the source, affiliation, connection or association of the GBP Infringing Products in that consumers thereof are likely to associate or have associated such products as originating with MAL, all to the detriment of MAL.

171.     Defendants have misappropriated the Wong Lo Kat Trademarks and Wong Lo Kat Trade Dress by using them on, or in connection with the sale of the GBP Infringing Products.

172.     Defendants have also committed false advertising, passing off, and reverse passing off, as described above.

36

173.     Defendants' acts complained of herein constitute common law trademark infringement and unfair competition under the laws of the State of New York.

174.     By reason of Defendants' misconduct, MAL has suffered, and will continue to suffer, monetary damages and loss of goodwill.

175.     Upon information and belief, Defendants acted with full knowledge of MAL's use of, and common law rights in, the Wong Lo Kat Trademarks and Wong Lo Kat Trade Dress and without regard to the likelihood of confusion of the public created by Defendants' activities.

176.     Defendants' conduct, as described above, has been willful, wanton, reckless and in total disregard to MAL's rights, entitling MAL to increased damages and attorneys' fees.

177.     Defendants' conduct has caused, and is continuing to cause, irreparable injury and damage to MAL, including to its reputation and goodwill, and MAL has no adequate remedy at law.  Unless such unauthorized use is enjoined, MAL will continue to be irreparably harmed.

## NINTH CLAIM FOR RELIEF
### (Violation of New York Anti-Dilution Statute)

178.     MAL repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

179.     The Wong Lo Kat Trademarks are inherently distinctive.

180.     MAL first adopted and used the Red Label Design Mark and the Wong Lo Kat Trade Dress as a means of establishing goodwill and reputation and to describe, identify or denominate particular goods offered by MAL and to distinguish them from similar goods offered by others. The Red Label Design Mark and the Wong Lo Kat Trade Dress are distinctive and non-functional, and serve to identify MAL and the Wong Lo Kat Tea Products.

181.     In addition, the Red Label Design Mark and the Wong Lo Kat Trade Dress have

acquired secondary meaning in light of MAL's substantial marketing and sales efforts in New York, customer identification of the Red Label Design Mark and the Wong Lo Kat Trade Dress with a particular, single source, and the nearly 13 years use of the Red Label Design Mark and the Wong Lo Kat Trade Dress by MAL as identifying MAL as the source of MAL's high quality goods.

182.    The Red Label Design Mark and the Wong Lo Kat Trade Dress acquired secondary meaning long before Defendants' unlawful acts.

183.    Without MAL's authorization, Defendants are offering the GBP Infringing Products under a name and packaging that is identical to and/or that closely resembles the Wong Lo Kat Trademarks, Red Label Design Mark and Wong Lo Kat Trade Dress.

184.    Defendants' unauthorized and willful use of marks and packaging that are identical and/or substantially similar to the Wong Lo Kat Trademarks, Red Label Design Mark and Wong Lo Kat Trade Dress have lessened and diluted, and will continue to lessen and dilute, the distinctive quality of the Wong Lo Kat Trademarks, Red Label Design Mark and Wong Lo Kat Trade Dress in a willful effort to trade on MAL's goodwill and reputation.

185.    Defendants' use of marks has caused and is causing irreparable injury to MAL for which MAL has no adequate remedy at law, and will continue to do so unless Defendants are enjoined by this Court.

186.    Defendants' infringing use of the Wong Lo Kat Trademarks, Red Label Design Mark and Wong Lo Kat Trade Dress has been willful, wanton, reckless and in total disregard of MAL's rights.

187.    Defendants' acts as described above constitute trademark dilution under New

38

York law and detract from the distinctiveness of the Wong Lo Kat Trademarks, Red Label

Design Mark and Wong Lo Kat Trade Dress, resulting in damage to MAL and the substantial

business and goodwill symbolized by the Wong Lo Kat Trademarks, Red Label Design Mark

and Wong Lo Kat Trade Dress, in violation of New York Anti-Dilution Statute, N.Y. Gen. Bus.

Law § 360-l.

188.    By reason of the foregoing, MAL has suffered and will continue to suffer

monetary damages and loss of goodwill.

**TENTH CLAIM FOR RELIEF**
**Unjust Enrichment**

189.    MAL repeats and realleges the allegations of each of the foregoing paragraphs of

this Complaint as if fully set forth herein.

190.    Upon information and belief, Defendants have profited from their sales of the

GBP Infringing Products under the Wong Lo Kat Trademarks, Red Label Design Mark, Wong

Lo Kat Trade Dress and Wong Lo Kat Work as a result of the confusion, mistake and/or

deception caused among consumers by Defendants' unauthorized use of the Wong Lo Kat

Trademarks, Red Label Design Mark, Wong Lo Kat Trade Dress and Wong Lo Kat Work,

and/or other marks, trade dress or copyrighted work that closely resemble the Wong Lo Kat

Trademarks, Red Label Design Mark, Wong Lo Kat Trade Dress and Wong Lo Kat Work.

191.    Upon information and belief, Defendants have been unjustly enriched by unfairly

profiting from their misappropriation of the Wong Lo Kat Trademarks, Red Label Design Mark,

Wong Lo Kat Trade Dress and Wong Lo Kat Work.

192.    MAL has been damaged by Defendants' unjust enrichment in an amount to be

determined at trial.

## ELEVENTH CLAIM FOR RELIEF
### Cancellation of '210 Registration for Likelihood of Confusion

193.    MAL repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

194.    This is a request for an Order directing the Commissioner of Trademarks to cancel United States Trademark Registration No. 6208210 pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119).

195.    GBP's use of its '210 Registration on the goods for which it is registered is likely to cause consumers to mistakenly believe that these goods offered under the '210 Registration are actually MAL's goods offered under its '908 Registration, that GBP's goods are authorized, associated with or sponsored by MAL, and/or that GBP is in some way affiliated with or connected to MAL.

196.    Accordingly, GBP's '210 Registration is not registrable under Lanham Act Section 2(d) (15 U.S.C. § 1052(d)), and thus should not have been registered on the Principal Register.

197.    As a result of the foregoing, Registration No. 6208210 should be cancelled.

## TWELFTH CLAIM FOR RELIEF
### Cancellation of '210 Registration for Lack of *Bona Fide* Intent to Use

198.    MAL repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

199.    This is a request for an Order directing the Commissioner of Trademarks to cancel United States Trademark Registration No. 6208210 pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119).

200.     At the time when GBP applied to register the '210 Registration, it lacked a *bona fide* intent to use the mark in commerce in connection with the goods for which it applied to register the mark.

201.     As a result of the foregoing, Registration No. 6208210 should be cancelled.

### THIRTEENTH CLAIM FOR RELIEF
### Trademark Cancellation for Naked Licensing

202.     MAL repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

203.     Upon information and belief, GBP granted a license to other entities in the GBP Enterprise allowing them to use GBP's trademarks, including the '210 Registration in connection with the GBP Infringing Products.

204.     Upon information and belief, GBP has failed to exercise adequate control over its GBP Enterprise entity licensees by failing to control or review the packaging design of the GBP Infringing Products and failing to control, manage or supervise its GBP Enterprise entity licensees in connection with their marketing, promotion, offers to sell and sales of the GBP Infringing Products.

205.     As a result of GBP's failure to exercise control over its licensees, GBP is unable to guarantee the quality of the products bearing its mark.

206.     By reason of the foregoing, GBP's '210 Registration should be cancelled.

### PRAYER FOR RELIEF

WHEREFORE, MAL demands judgment against Defendants as follows:

1.     That Defendants, and all persons acting in concert or participating with Defendants, be permanently enjoined from:

(a)     Using in any manner the Wong Lo Kat Trademarks, Red Label Design Mark, Wong Lo Kat Trade Dress, Wong Lo Kat Work, or any other trademarks or trade dress that are confusingly similar to the Wong Lo Kat Trademarks, Red Label Design Mark and/or Wong Lo Kat Trade Dress, or any designs that are substantially similar to the Wong Lo Kat Work to sell, offer for sale, display, promote or advertise Defendants' GBP Infringing Products or other competing goods and services;

(b)     Depicting the GBP Infringing Products, or any other trademarks, trade dress or designs that are confusingly similar to the Wong Lo Kat Trademarks, Red Label Design Mark, and/or Wong Lo Kat Trade Dress and/or substantially similar to the Wong Lo Kat Work, in any advertisements or promotional materials, on any websites and/or social media accounts owned, controlled or maintained by Defendants;

(c)     Passing off, inducing, or enabling others to sell or pass off any products that do not emanate from MAL or that are not distributed under the control and supervision of MAL and approved by MAL for sale bearing the Wong Lo Kat Trademarks and Wong Lo Kat Trade Dress, the GBP Infringing Products, or any other confusingly similar trade dress, as products distributed by or with the approval of MAL;

(d)     Committing any act calculated to cause purchasers to falsely believe that the GBP Infringing Products are those sold, sponsored, approved or connected with, guaranteed, warranted, or produced under the control and supervision of MAL;

(e)     Shipping, importing, delivering, distributing, returning, or otherwise disposing of in any manner products, inventory, or materials bearing the Wong Lo Kat Trademarks, Red Label Design Mark, Wong Lo Kat Trade Dress, Wong Lo Kat Work, or any

trademarks or trade dress that is confusingly similar to the Wong Lo Kat Trademarks, Red Label

Design Mark, Wong Lo Kat Trade Dress and/or substantially similar to the Wong Lo Kat Work;

(f)     Further infringing the Wong Lo Kat Trademarks, Red Label Design Mark,

Wong Lo Kat Trade Dress, and/or Wong Lo Kat Work and damaging MAL's goodwill and

business reputation;

(g)     Otherwise competing unfairly with MAL in any manner; and

(h)     Continuing to perform in any manner whatsoever any act deemed contrary

to law by this Court;

2.     Finding that Defendants willfully infringed the Wong Lo Kat Trademarks, Red Label

Design Mark, Wong Lo Kat Trade Dress and Wong Lo Kat Work;

3.     That Defendants be ordered to provide an accounting of all revenue generated from

their sale of the GBP Infringing Products, and to pay MAL all profits realized by Defendants by

reason of their unlawful acts as set forth in this Complaint;

4.     That Defendants be ordered to pay MAL all damages, including punitive damages,

suffered by MAL by reason of Defendants' unlawful acts as set forth in this Complaint;

5.     That the Court award MAL three times the damages suffered by reason of the

intentional, unlawful acts of Defendants as set forth in this Complaint;

6.     That Defendants be required to file with the Court and serve on the undersigned

counsel for MAL, within thirty (30) days after the entry of judgment, a written report under oath

setting forth in detail the manner in which Defendants have complied with the injunction ordered

by this Court;

7.      That this case be declared exceptional, and that Defendants be ordered to pay MAL, the prevailing party, the costs of this action, filing fees, and their reasonable attorneys' fees;

8.      That Defendants be ordered to pay MAL pre-judgment and post-judgment interest;

9.      That this Court enter an Order refusing registration of the marks that are the subject of the GBP Applications; and

10.      That MAL be awarded other such relief as this Court may deem just and proper.

Dated:  December 3, 2021

McCARTER & ENGLISH, LLP


By: /s/ James H. Donoian
         James H. Donoian
         Lori J. Shyavitz
    Worldwide Plaza
    825 Eighth Avenue, 31st Floor
    New York, New York 10019
    Tel.: (212) 609-6800
    jdonoian@mccarter.com
    lshyavitz@mccarter.com

    Susan Okin Goldsmith (*pro hac vice*)
    McCarter & English, LLP
    Two Tower Center Boulevard
    East Brunswick, New Jersey  08816
    Tel.: (732) 867-9670
    sgoldsmith@mccarter.com

    Attorneys for Plaintiff

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury on all issues.

Dated: December 3, 2021

McCARTER & ENGLISH, LLP

By: /s/ James H. Donoian
       James H. Donoian
       Lori J. Shyavitz
Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, New York 10019
Tel.: (212) 609-6800
jdonoian@mccarter.com
lshyavitz@mccarter.com

Susan Okin Goldsmith (*pro hac vice*)
McCarter & English, LLP
Two Tower Center Boulevard
East Brunswick, New Jersey  08816
Tel.: (732) 867-9670
sgoldsmith@mccarter.com

Attorneys for Plaintiff