UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

MULTI ACCESS LIMITED,

                             Plaintiff,

                - against -

GUANGZHOU BAIYUNSHAN
PHARMACEUTICAL HOLDINGS CO., LTD.
(AKA GUANGZHOU BAIYUNSHAN
PHARMACEUTICAL HOLDING  CO., LTD.);
WLJ (AMERICA) CO. INC.; GUANGZHOU
WANGLAOJI GREAT HEALTH CO., LTD.;
GUANGZHOU WANG LAO JI GREAT
HEALTH INDUSTRY CO., LTD. (AKA WLJ
GREAT HEALTH INDUSTRY CO., LTD.);
GUANGZHOU WANGLAOJI
PHARMACEUTICAL CO., LTD.;
GUANGZHOU WANG LAO JI GREAT
HEALTH ENTERPRISE DEVELOPMENT CO.,
LTD. (AKA WLJ GREAT HEALTH
ENTERPRISES DEVELOPMENT CO., LTD.);
GUANGZHOU PHARMACEUTICAL
HOLDINGS LTD. (AKA GUANGZHOU
PHARMACEUTICAL GROUP);  GUANGZHOU
WANG LAO JI GREAT HEALTH ENTERPRISE
CO., LTD.; GUANGZHOU WANGLAOJI
HEALTH INDUSTRY CO., LTD., and TRISTAR
FOOD WHOLESALE CO. INC.,

                          Defendants.

-------------------------------------------------------------- x

Civil Action No. 1:20-cv-07397

**MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S
MOTION FOR ALTERNATIVE
SERVICE**

## TABLE OF CONTENTS

**Page**

**INTRODUCTION**..................................................................................................1

**STATEMENT OF FACTS**....................................................................................2

A.   MAL Has Initiated Service of the Chinese Defendants Through the
Hague Convention ........................................................................3

B.   The Great Health Defendants Are Likely Already Aware of This
Lawsuit.............................................................................................4

C.   The Great Health Defendants Can Be Notified Through Their
Contact Information, Which They Make Available to the Public ..............5

**ARGUMENT**......................................................................................................7

I.   THE COURT SHOULD PERMIT SERVICE ON THE GREAT
HEALTH  DEFENDANTS THROUGH ALTERNATIVE METHODS OF
SERVICE ........................................................................................7

II.   SERVICE OF THE GREAT HEALTH DEFENDANTS BY
INTERACTIVE INTERNET WEBSITES IS A PERMITTED
ALTERNATIVE METHOD OF SERVICE..............................................9

III.   SERVICE OF THE GREAT HEALTH DEFENDANTS BY EMAIL IS A
PERMITTED ALTERNATIVE METHOD OF SERVICE ...............................11

IV.   SERVICE OF THE GREAT HEALTH DEFENDANTS BY
PUBLICATION IS A PERMITTED ALTERNATIVE METHOD OF
SERVICE........................................................................................12

V.   PERMITTING ALTERNATIVE METHODS OF SERVICE IN THIS
CASE PROMOTES JUDICIAL EFFICIENCY ...................................14

**CONCLUSION** ................................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*,
No. WA:13-CV-369, 2014 WL 11342502 (W.D. Tex. July 2, 2014) ......................................8

*Convergen Energy LLC v. Brooks*,
No. 20-cv-3746 (LJL), 2020 WL 4038353 (S.D.N.Y. July 17, 2020)...........................7, 8, 11

*F.T.C. v. PCCare247 Inc.*,
No. 12 Civ. 7189 (PAE), 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) .....................................9

*Gurung v. Malhotra*,
279 F.R.D. 215 (S.D.N.Y. 2011) .........................................................................................12

*Klosin v. E.I DuPont de Nemours*,
No. 19-CV-00109, 2020 WL 12949469 (W.D.N.Y. July 17, 2020) .......................................12

*Microsoft Corp. v. Goldah.com Network Tech. Co.*,
No. 17-CV-02896-LHK, 2017 WL 4536417 (N.D. Cal. Oct. 11, 2017)................................11

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950).........................................................................................................7, 12

*OC Global Partners, LLC v. Adaime*,
No. 21-cv-10686 (LJL), 2022 WL 769328 (S.D.N.Y. Mar. 14, 2022)................................8, 14

*S.E.C. v. Anticevic*,
No. 05 cv 6991, 2009 WL 361739 (S.D.N.Y. Feb. 13, 2009) .................................................13

*Seiko Epson Corp. v. Dongguan Ocbestjet Digital Tech. Co. Ltd.*,
No. 2:22-cv-04123-AB-JC, 2022 WL 18397388 (C.D. Cal. Nov. 3, 2022)............................9

*Sulzer Mixpac AG v. Medenstar Indus. Co.*,
312 F.R.D. 329 (S.D.N.Y. 2015) ..........................................................................................12

*Title Trading Servs. USA, Inc. v. Kundu*,
No. 3:14-CV-225-RJC-DCK, 2014 WL 4053571 (W.D.N.C. Aug. 15, 2014) .....................11

*Victaulic Co. v. Allied Rubber & Gasket Co.*,
No. 3:17-cv-01006-BEN-JLB, 2020 U.S. Dist. LEXIS 82150 (S.D. Cal. May
8, 2020) ...............................................................................................................................13

*Williams-Sonoma Inc. v. Friendfinder Inc.*,
2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) .......................................................................11

ME1 44184875v.8

**Other Authorities**

Fed. R. Civ. P. 4(f) ................................................................................................................1, 7, 14

Fed. R. Civ. P. 4(f)(2)(C)(i) .............................................................................................................1

Fed. R. Civ. P. 4(f)(3) ..............................................................................................................1, 7

Fed. R. Civ. P. 4(h) ........................................................................................................1, 7, 14

ME1 44184875v.8

### INTRODUCTION

On November 20, 2021, the Court granted Plaintiff Multi Access Limited's ("MAL") Motion to Amend the Complaint to add four Chinese companies related to Defendant Guangzhou Baiyunshan Pharmaceutical Holdings Co., Ltd. ("GBP"), namely, GBP's parent and subsidiaries, all of which are involved in the marketing, sale, and distribution of GBP's canned herbal tea beverage sold in the United States under MAL's trademarks, trade dress and copyright (the "Chinese Defendants").[1]  [Dkt. No. 76].  Because none of the Chinese Defendants are domiciled in the United States, service by delivery pursuant to Fed. R. Civ. P. 4(f)(2)(C)(i)) is not available to MAL.[2]   Instead, MAL must rely on Fed. R. Civ. P. 4(h) and 4(f)(3), including the extremely time consuming and unpredictable procedure for service of process under the Hague Convention. After MAL began the service of process procedure under the Hague Convention, counsel for GBP informed MAL's counsel that they were representing two of the four Chinese defendants, GWPCL and GPHL, and that they were authorized to accept service on their behalf.  [Dkt. No. 156].  To date, counsel has not indicated whether they also represent the remaining two Chinese defendants, Guangzhou Wang Lao Ji Great Health Enterprise Development Co., Ltd. ("Great Health Enterprise") and Guangzhou Wang Lao Ji Great Health Industry Co. Ltd. ("Great Health

---

[1] The Chinese Defendants are: Guangzhou Wanglaoji Pharmaceutical Company Limited ("GWPCL"), Guangzhou Pharmaceutical Holdings Limited (on information and belief also known as Guangzhou Pharmaceutical Group) ("GPHL"), Guangzhou Wang Lao Ji Great Health Enterprise Development Co., Ltd. (on information and belief also known as WLJ Great Health Enterprises Development Co., Ltd.), and Guangzhou Wang Lao Ji Great Health Industry Co. Ltd. (on information and belief also known as WLJ Great Health Industry Co. Ltd.).  *See* Declaration of Susan Okin Goldsmith dated July 18, 2023, ("Goldsmith Decl.") ¶ 3, Exh. A.  MAL also added Tristar Food Wholesale Co. Inc. ("Tristar"), a U.S. corporation, as a defendant.  Service of the Amended Complaint on Tristar is not the subject of this motion because MAL served Tristar on December 9, 2021. [Dkt. No. 24].

[2] MAL reminds the Court that GBP authorized its U.S. counsel to accept service of the Complaint on its behalf.  [Dkt. No. 11, p. 1].

Industry") (collectively, "Great Health Defendants"), or whether they would also be willing to accept service on behalf of the remaining two entities.  Thus, to avoid even more delay and to promote judicial efficiency, MAL respectfully requests that the Court exercise its discretion and authorize MAL to serve both of the as yet unserved Great Health Defendants by email, through their interactive websites or social media accounts, and/or publication in the electronic versions of the People's Court Daily, Guangzhou Daily, the Southern Metropolis Daily, or any such similar publication in the regions in which the Chinese Defendants reside.  As discussed below, all three of these methods of alternative service have been found to be acceptable by this Court and other United States federal courts because they are not prohibited by federal law or an international agreement.  Further, because these alternative methods are reasonably calculated to notify the Great Health Defendants of this action, they pass constitutional muster. Moreover, it is apparent that the Great Health Defendants likely already have knowledge of this action.

## STATEMENT OF FACTS

On April 17, 2021, the Court granted the parties' joint motion to conduct jurisdictional discovery in response to Defendants' motion to dismiss the Complaint.  [Dkt. No. 31].  Through jurisdictional discovery, MAL learned that additional corporate entities related to GBP, including GBP's parent and subsidiaries, are involved in the marketing, sale, and distribution of GBP's canned herbal tea beverage sold under MAL's trademarks, trade dress and copyright in the United States generally, and this district specifically.  [Dkt. No. 77].  As a result, MAL moved for leave to amend its Complaint on September 21, 2021 to add the Chinese Defendants and Tristar.  [Dkt. Nos. 50-51].  The Court granted MAL's Motion for Leave to Amend its Complaint on November 30, 2021, [Dkt. No. 76], and MAL filed its First Amended Complaint on December 3, 2021.  [Dkt. No. 77].  On December 8, 2021, the Court issued electronic summonses for the Chinese Defendants and Tristar.  [Dkt. Nos. 86-93].

2

A.     **MAL Has Initiated Service of the Chinese Defendants Through the Hague Convention**

MAL's counsel retained DGR Legal, an international process server, to serve the Chinese Defendants through the Hague Convention.    After obtaining Summonses that contained translations into Simplified Chinese from the Court Clerk and translations of the Summonses and Amended Complaint (the "Service Documents"), MAL initiated service of process on the Chinese Defendants by submitting the Service Documents to China's Central Authority, the Ministry of Justice, electronically through the Ministry of Justice's portal.  *See* Declaration of Anthony Mboho, dated July 10, 2023, ¶¶ 4-6 ("Mboho Decl").  On or about October 26, 2022, Requests for Service Abroad of Judicial or Extrajudicial Documents ("Requests") were prepared to serve the Chinese Defendants via the Hague Convention, and were submitted, together with the translated Service Documents, to the proper government authority in China, namely, the International Legal Cooperation Center, Ministry of Justice of China.  Mboho Decl at ¶¶ 6.  The Ministry of Justice of China, thereafter reviews the Service Documents and sends them to the People of China's Court for approval and to be sent out for service.  Mboho Decl at ¶¶ 7-8.

On or about October 28, 2022, DGR Legal learned that the Ministry of Justice had updated the status on their service portal to indicate that the Requests in this case (along with Service Documents) were forwarded to the Supreme People's Court of China for further processing. Mboho Decl. at  ¶ 9.

On or about March 13, 2023, GBP's counsel advised MAL's counsel that defendants GWPCL and GPHL had received the Service Documents on February 13 and 17, 2023, respectively (Goldsmith Decl., ¶ 3, Exh. B).  GBP's counsel subsequently agreed to accept service on behalf of GWPCL and GPHL.  Dkt. No. 156.

3

On or about April 25, 2023, having still not heard from the Ministry of Justice, DGR Legal transmitted a status inquiry through the Ministry of Justice's portal, and on May 3, 2023 learned through the same portal that neither of the Great Health Defendants received the Service Documents.  Mboho Decl. ¶ 10.  The portal indicated only that the Great Health Defendants had not been served due to alleged discrepancies in the names or addresses in Chinese characters between the translation of the company names on the Summonses and those on the Requests.  *Id.* The Ministry of Justice and the Supreme People's Court of China subsequently rejected the Requests to serve the Great Health Defendants without further explanation or details.  *Id.*

Both DGR Legal and MAL's counsel have reviewed the Service Documents and found no significant discrepancies in the Chinese translations of the Great Health Defendants' names. Mboho Decl. ¶ 11;  Declaration of Wei Zhang dated July 10, 2023 ("Zhang Decl."), ¶¶ 6-7.  Service of Great Health Industry and Great Health Enterprise through the Hague Convention could take anywhere from an additional 12 months to 24 months if MAL is required to restart service of process through the Hague Convention.  Mboho Decl. ¶ 12.

**B.     The Great Health Defendants Are Likely Already Aware of This Lawsuit**

The two Great Health Defendants are likely already aware of this lawsuit given that they are both related to GBP, GWPCL, and GPHL.  Indeed, GBP itself has referred to the Great Health Defendants as being an "interconnected group" with these other related companies.  [Dkt. No. 149-1 at 3-5].  GPHL is GBP's parent.   Goldsmith Decl. ¶ 4, Exh. C ("Yao depo") [Yao depo, 19:7-11].  Great Health Industry and GWPCL are direct subsidiaries of GBP.  *Id.* [Yao depo, 25:18—26:1].  Great Health Enterprise is an indirect subsidiary of GBP.  Goldsmith Decl., ¶ 5, Exh. D. GBP receives and approves of its subsidiaries' sales targets, meets with its subsidiaries annually, and controls the salaries of its subsidiaries' managers based on the subsidiaries' sales.  Goldsmith

4

Decl. ¶ 4, Exh. C [Yao depo, 61:17-25, 63:13-24, 66:8-67:16].  Thus, the Great Health Defendants are likely already aware of this lawsuit given the control GBP exercises over their operations.

GBP also has submitted the declarations of two individuals who work for or with three of the Chinese Defendants in support of its three motions to dismiss.  In support of its first motion to dismiss (filed on March 5, 2021), GBP submitted a declaration from Zhao Xiaobo, Great Health Industry's "Deputy Counsel." [Dkt. No. 29].  It is difficult to imagine that Great Health Industry is unaware of this action when its own Deputy Counsel provided a declaration in support of its dismissal.  In support of its second and third motions to dismiss, filed on January 14, 2022 and February 2, 2023, respectively, GBP submitted the declaration of Yao Jiangxiong, GBP's Markets Director.  [Dkt. Nos. 101 and 143, respectively].  GBP also designated Mr. Yao as its 30(b)(6) designee, and Mr. Yao testified on October 17, 2022 that he also works with Great Health Industry and GWPCL, who is already in the case.  Goldsmith Decl., ¶ 4, Exh. C [Yao depo 25:18-26:1].

Additionally, Michael Lien, Vice President of Tristar, GBP's U.S. distributor of GBP's canned herbal tea beverage sold under MAL's trademarks, trade dress and copyright, has submitted testimony about his dealings with Great Health Industry and Great Health Enterprise and that he thought they were both one company referred to as "Great Health."  [Dkt. No. 149-3 at 90:3-14].  Notably, GBP's counsel also represents Tristar in this litigation.

### C.     The Great Health Defendants Can Be Notified Through Their Contact Information, Which They Make Available to the Public

The Great Health Defendants operate their own websites and/or storefront websites on international retail websites such as Tradechina.com, which include contact information for the company, and social media sites like Weibo on which they provide their contact information to the public.  *See* Goldsmith Decl. ¶¶ 8-9, Exhs. G & H.  For example:

5

- Great Health Enterprise operates a storefront on Tradechina.com that is accessible to the public at https://www.tradechina.com/supplier/GUANGZHOU-WANG-LAO-JI-GREAT-HEALTH-ENTERPRISE-DEVELOPMENT_152569819217.html.  Consumers who visit this storefront can send Great Health Enterprise a message by clicking on the "Messenger" button shown circled in green below: https://www.tradechina.com/supplier/GUANGZHOU-WANG-LAO-JI-GREAT-HEALTH-ENTERPRISE-DEVELOPMENT_152569819217.html  (accessed July 12, 2023) (emphasis added).



Goldsmith Decl., ¶ 6, Exh. E;   https://www.tradechina.com/supplier/GUANGZHOU-WANG-LAO-JI-GREAT-HEALTH-ENTERPRISE-DEVELOPMENT_152569819217.html (accessed July 12, 2023) (emphasis added).  Great

6

Health Enterprise also supplies the email address zhaoliying@wljhealth.com on this site (Goldsmith Decl., ¶ 6, Exh. E), and the email address luojied@wljhealth.com on the database of China's National Enterprise Credit Information Publicity System.  Goldsmith Decl., ¶ 10.

- Great Health Industry operates the website https://www.wljhealth.com/wanglaoji, which provides the following information: "complaint email:   gywlj_jjjcs@wljhealth.com." Goldsmith Decl., ¶ 7, Exh. F.  Great Health Industry also provides an email address for luojiedi@wljhealth.com on the database of China's National Enterprise Credit Information Publicity System (Goldsmith Decl., ¶ 10) and maintains an account on the social media site Weibo,  https://www.weibo.com/u/2789871777, which can accept documents.  *See* Goldsmith Decl., ¶ 8, Exh. G.

## ARGUMENT

### I.   THE COURT SHOULD PERMIT SERVICE ON THE GREAT HEALTH DEFENDANTS THROUGH ALTERNATIVE METHODS OF SERVICE

Service of a foreign corporation may be effected by Fed. R. Civ. P. 4(h), which permits service "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  *Convergen Energy LLC v. Brooks*, No. 20-cv-3746 (LJL), 2020 WL 4038353, at *3 (S.D.N.Y. July 17, 2020).  Pursuant to Fed. R. Civ. P. 4(f)(3), a court can direct any form of service on a foreign defendant that "is not prohibited by international agreement," provided that it is "reasonably calculated, under all the circumstances" to give notice to the defendant.  Fed. R. Civ. P. 4(f)(3); *Convergen Energy*, 2020 WL 4038353, at *3 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  The decision whether to permit alternative methods of serving process is within the discretion of the court.  *Convergen Energy LLC*, 2020 WL 4038353, at *3 (S.D.N.Y. July 17, 2020).

"There is no strict requirement that a plaintiff pursue service through an international agreement before asking a court's assistance in ordering alternative service." *Convergen Energy LLC*, 2020 WL 4038353, at *4 (S.D.N.Y. July 17, 2020) (quoting *Peifa Xu v. Gridsum Holding Inc.*, 2020 WL 1508748, at *14 (S.D.N.Y. Mar. 30, 2020)).  Indeed, courts have frequently held that delays in service under the Hague Convention is a proper reason to allow alternative service. *See Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *3 (W.D. Tex. July 2, 2014) (granting plaintiff's motion for alternative service on foreign companies and holding that the Hague Convention is not mandatory and would cause unnecessary expense and delay); *OC Global Partners, LLC v. Adaime*, No. 21-cv-10686 (LJL), 2022 WL 769328 at *2 (S.D.N.Y. Mar. 14, 2022) (granting motion for alternative service where plaintiff had not yet begun service through Hague Convention, stating that "requiring Plaintiff to begin the process of using international means of service before permitting alternative service would be a needless formality that would not further the interests of judicial efficiency").

Thus, to prevent the further cost and delay associated with service of process under the Hague Convention, which may be up to 24 months in this case, MAL seeks an order from the Court that the Great Health Defendants may be served via alternate methods of service as follows: by email, by messaging or other communications through Great Health Defendants' interactive websites and/or social media accounts, and/or by publication in electronic format in the People's Court Daily, the Guangzhou Daily, the Southern Metropolis Daily, or any such similar publication in the regions in which the Chinese Defendants reside.  As discussed below, it is well-established that service of process by these methods is not prohibited by federal law or an international agreement, and is reasonably calculated to give notice to the Great Health Defendants.

8

II.     **SERVICE OF THE GREAT HEALTH DEFENDANTS BY INTERACTIVE INTERNET WEBSITES IS A PERMITTED ALTERNATIVE METHOD OF SERVICE**

Courts, including this district, have ordered service via messaging on interactive websites because it is not prohibited by federal law or international agreement. *See F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *4-5 (S.D.N.Y. Mar. 7, 2013) (ordering alternative service via defendants' Facebook websites and email and noting that objections to Article 10(A) of the Hague Convention do not encompass service via defendants' Facebook websites); *Seiko Epson Corp. v. Dongguan Ocbestjet Digital Tech. Co. Ltd.*, No. 2:22-cv-04123-AB-JC, 2022 WL 18397388, at *3 (C.D. Cal. Nov. 3, 2022) (ordering alternative service via Chinese and Hong Kong defendants' "Alibaba and AliExpress storefronts website messaging services" among other means). Further, messaging through an interactive website is reasonably calculated to notify these defendants because the Great Health Defendants use and provide to the public these interactive internet websites.

In *Seiko Epson Corp. v. Dongguan Ocbestjet Digital Tech. Co. Ltd.*, No. 2:22-cv-04123-AB-JC, 2022 WL 18397388, at *3 (C.D. Cal. Nov. 3, 2022), the court granted alternative service through the Chinese defendant's interactive storefront on Alibaba's messaging system. The Court should reach the same result here for defendant Great Health Enterprise, which operates a Tradechina.com storefront at https://www.tradechina.com/supplier/GUANGZHOU-WANG-LAO-JI-GREAT-HEALTH-ENTERPRISE-DEVELOPMENT_152569819217.html. Through this storefront, consumers are able to send messages and attachments via the "Messenger" feature, as shown below:



https://www.tradechina.com/supplier/GUANGZHOU-WANG-LAO-JI-GREAT-HEALTH-

ENTERPRISE-DEVELOPMENT_152569819217.html   (accessed   July   12,   2023)   (emphasis

added).   Therefore, this website could accept MAL's summons and amended complaint in this

action via the "Messenger" messaging feature with the option to attach files.   Also, since this is

the website operated by defendant Great Health Enterprise, service by posting the summons and

amended complaint in this action is reasonably calculated to reach Great Health Enterprise.

Defendant   Great   Health   Industry   maintains   an   account   on   Weibo,

https://www.weibo.com/u/2789871777.   Goldsmith Decl., ¶ 8, Exh. G.   Weibo is an interactive

social media website, which can accept documents such as the summons and amended complaint

in this action.   Goldsmith Decl., ¶ 9, Exh. H.   Since this is defendant Great Health Industry's Weibo

account, and it accepts messages from third parties, service by posting the summons and amended

ME1 44184875v.8

complaint in this action to Great Health Industry's Weibo account would be reasonably calculated to reach defendant Great Health Industry.

## III.   SERVICE OF THE GREAT HEALTH DEFENDANTS BY EMAIL IS A PERMITTED ALTERNATIVE METHOD OF SERVICE

The Court is also authorized to Order service of the Great Health Defendants by email.  *See Convergen*, 2020 WL 4038353, at *6 (S.D.N.Y. July 17, 2020) (permitting service by email of foreign defendants and noting that "[e]mail service has also repeatedly been found by courts to meet the requirements of due process").  First, service via email is not prohibited by federal law.  *See Convergen*, 2020 WL 4038353, at *6 (S.D.N.Y. July 17, 2020) (permitting service by email of foreign defendants and noting that "[e]mail service has also repeatedly been found by courts to meet the requirements of due process.").

Service of process via email is also not prohibited by international agreement.  Both the U.S. and China are signatories to the Hague Convention, which does not prohibit service by email.  *See Microsoft Corp. v. Goldah.com Network Tech. Co.*, No. 17-CV-02896-LHK, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017) (denying defendant's motion to dismiss for defect in service and holding China's objection to Article 10 does not prohibit service by email); *Williams-Sonoma Inc. v. Friendfinder Inc.,* 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (permitting service by email, but not by international mail, for defendants in countries that objected to the Hague Convention's "postal channels" under Article 10).  Also, China has not objected to service by email.  *Title Trading Servs. USA, Inc. v. Kundu*, No. 3:14-CV-225-RJC-DCK, 2014 WL 4053571, at *2 (W.D.N.C. Aug. 15, 2014) ("[C]ourts have allowed for such [email] service, holding it did not violate any international agreement, where the objections of the recipient nation are limited to those means enumerated in Article 10").

ME1 44184875v.8

Even though China has objected to service via "postal channels" under Article 10(A) of the Hague Convention, at present electronic mail – email – is not considered to be a "postal channel." Also, "[w]here a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are specifically referenced in Article [10]." *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015) ("China's objection to service by postal mail does not cover service by email, and these forms of communication differ in relevant respects.").

Service by email is also reasonable and comports with constitutional notions of due process because such service is reasonably calculated to reach the Great Health Defendants. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). MAL has discovered at least one email address for each of the Great Health Defendants, including on their own websites and/or their own storefront websites and/or on the database of China's National Enterprise Credit Information Publicity System. *See* Goldsmith. Decl., ¶¶ 6-7, 10. By publicly posting their email addresses on their websites, the Great Health Defendants invite the public to contact them through them. Goldsmith Decl. ¶¶ 6-7, Exh. E-F. Accordingly, service of the Service Documents through the Great Health Defendants' own email addresses comports with the constitutional notions of due process because it is reasonably calculated to reach the Great Health Defendants.

## IV.   SERVICE OF THE GREAT HEALTH DEFENDANTS BY PUBLICATION IS A PERMITTED ALTERNATIVE METHOD OF SERVICE

Service by publication in an electronic publication is not prohibited by federal law or international agreement, and is also reasonably calculated to reach the defendants. *See, e.g., Klosin v. E.I DuPont de Nemours*, No. 19-CV-00109, 2020 WL 12949469, at *2 (W.D.N.Y. July 17, 2020) ("Because there is no international agreement prohibiting such service, service through

online publication and other electronic means such as email are permissible alternatives under Fed. R. Civ. P. 4(f)(3)" and that service by "notice in an electronic publication is reasonably calculated to give the Defendant actual notice of the suit and an opportunity to respond should it choose to do so"); *Victaulic Co. v. Allied Rubber & Gasket Co.*, No. 3:17-cv-01006-BEN-JLB, 2020 U.S. Dist. LEXIS 82150, at *10-11 (S.D. Cal. May 8, 2020) (ordering alternative service via "publish[ing] notice of the suit, in the Wall Street Journal – Asia (*electronic format*), to run for four (4) consecutive weeks, in the region containing Defendant's principal place of business").

Here, MAL proposes to serve the Great Health Defendants by publication in electronic format in the People's Court Daily, the Guangzhou Daily, and/or the Southern Metropolis Daily, or such similar publication in the regions in which the Chinese Defendants reside.  This method of service is reasonably calculated to reach the Great Health Defendants because the publications are circulated and electronically available in the Guangzhou region of China where the Great Health Defendants are located.

Service by publication is also appropriate because, as noted, the Great Health Defendants are likely already aware of this lawsuit.  *S.E.C. v. Anticevic*, No. 05 cv 6991, 2009 WL 361739, at *4 (S.D.N.Y. Feb. 13, 2009) (ordering alternative service via publication where defendant "may already have actual knowledge" of the case and noting that defendant's awareness "may increase the likelihood that published service" will come to defendant's attention).  Not only are the Great Health Defendants closely related to GBP, but GBP also identified as witnesses Mr. Zhao who is the Deputy Counsel of Great Health Industry and Mr. Yao who, in addition to serving as the Markets Director of GBP, works with Great Health Industry and GWPCL.  Also, Mr. Lien of GBP's distributor, Tristar, testified that he considered Great Health Industry and Great Health Enterprise to be one and the same company.  [Dkt. No. 149-3 at 27:24-28:1-5].

13

## V.   PERMITTING ALTERNATIVE METHODS OF SERVICE IN THIS CASE PROMOTES JUDICIAL EFFICIENCY

This Court has issued orders authorizing alternative means of service to avoid unnecessarily delaying cases and to promote judicial efficiency.  *See OC Global Partners, LLC v. Adaime*, No. 21-cv-10686 (LJL), 2022 WL 769328 at *2 (S.D.N.Y. Mar. 14, 2022) (granting motion for alternative service stating that requiring Plaintiff to complete service through the Hague Convention "would be a needless formality that would not further the interests of judicial efficiency.").  The Court should issue such an order in this case for the same reasons.

Even though it is not a condition for granting a motion for alternative service, MAL attempted to effectuate service of the Great Health Defendants through the Hague Convention pursuant to Fed. R. Civ. P. 4(h)(2) and 4(f)(1).  *OC Global Partners, LLC v. Adaime*, No. 21-cv-10686 (LJL), 2022 WL 769328 at *2 (S.D.N.Y. Mar. 14, 2022) (granting motion for alternative service where plaintiff had not yet begun service through Hague Convention, stating that "requiring Plaintiff to begin the process of using international means of service before permitting alternative service would be a needless formality that would not further the interests of judicial efficiency.").

Without an order from this Court authorizing alternative means of effecting service, this case will be stuck in neutral, as MAL would need to begin the process to serve the Great Health Defendants again.  In *OC Global Partners*, this Court reasoned that the plaintiff should not be subjected to delays that would result from requiring the plaintiff to initiate service through the Hague Convention because it would subject the case to further delay and "not further the interests of judicial efficiency."  *OC Global Partners*, No. 21-cv-10686 (LJL), 2022 WL 769328 at *2. Like the plaintiff in *OC Global Partners*, MAL should not be forced to rely on the unpredictable Hague Convention to effect service due to the further delay it would cause.  Rather, in the interests

14

of judicial efficiency, this Court should grant MAL's motion for alternative service so this case can move forward.

## **CONCLUSION**

For the foregoing reasons, MAL respectfully requests that the Court issue an order authorizing and permitting service of the Great Health Defendants via (a) email; or (b) their interactive websites and/or social media accounts, or (c) publication in electronic format of the People's Court Daily, the Guangzhou Daily, the Southern Metropolis Daily, or any such similar publication in the regions in which the Great Health Defendants reside.

Dated: July 19, 2023

McCARTER & ENGLISH, LLP


By: /s/ James H. Donoian
      James H. Donoian
      Lori J. Shyavitz
    Worldwide Plaza
    825 Eighth Avenue, 31st Floor
    New York, New York 10019
    Tel.: (212) 609-6800
    jdonoian@mccarter.com
    lshyavitz@mccarter.com

    Susan Okin Goldsmith (*pro hac vice*)
    McCarter & English, LLP
    Two Tower Center Boulevard
    East Brunswick, New Jersey  08816
    Tel.: (732) 867-9670
    sgoldsmith@mccarter.com

    Attorneys for Plaintiff
    Multi Access Limited

ME1 44184875v.8