UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MULTI ACCESS LIMITED,

                         Plaintiff,

                 - against -

GUANGZHOU BAIYUNSHAN
PHARMACEUTICAL HOLDINGS CO., LTD.
(AKA GUANGZHOU BAIYUNSHAN
PHARMACEUTICAL HOLDING CO., LTD.);
WLJ (AMERICA) CO. INC.; GUANGZHOU
WANGLAOJI GREAT HEALTH CO., LTD.;
GUANGZHOU WANG LAO JI GREAT
HEALTH INDUSTRY CO., LTD. (AKA WLJ
GREAT HEALTH INDUSTRY CO., LTD.);
GUANGZHOU WANGLAOJI
PHARMACEUTICAL CO., LTD.;
GUANGZHOU WANG LAO JI GREAT
HEALTH ENTERPRISE DEVELOPMENT CO.,
LTD. (AKA WLJ GREAT HEALTH
ENTERPRISES DEVELOPMENT CO., LTD.);
GUANGZHOU PHARMACEUTICAL
HOLDINGS LTD. (AKA GUANGZHOU
PHARMACEUTICAL GROUP); GUANGZHOU
WANG LAO JI GREAT HEALTH ENTERPRISE
CO., LTD.; GUANGZHOU WANGLAOJI
HEALTH INDUSTRY CO., LTD., and TRISTAR
FOOD WHOLESALE CO. INC.,

                         Defendants.

------------------------------------------------------------ x

Civil Action No. 1:20-cv-07397

**DECLARATION OF ANTHONY MBOHO IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

## DECLARATION OF ANTHONY MBOHO IN SUPPORT OF PLAINTIFF MULTI ACCESS LIMITED'S MOTION FOR ALTERNATIVE SERVICE

I, Anthony Mboho, of full age, being duly sworn according to law upon my oath declare as follows:

1.      I am the International Supervisor and one of the service of process experts at DGR Legal. Plaintiff, Multi Access Limited's ("MAL"), counsel retained DGR Legal to effectuate service of process over defendants located in China in the above-captioned proceeding. I am familiar with the service of process in cases involving defendants located outside of the United States, including service of process in China, and with service of process in the above-captioned proceeding.

2.      I submit this Declaration in support of MAL's Motion for Alternative Service. If called upon as a witness, I could testify as to all facts set forth in this declaration from either my own personal knowledge or from my review of records and documents maintained by DGR Legal.

3.      In April 2022, DGR International received from McCarter & English an Amended Complaint with Exhibits and Summonses ("Service Documents") for service upon multiple defendants, including the following two defendants in China:

   a. Guangzhou Wang Lao Ji Great Health Industry Co., Ltd. (a/k/a WLJ Great Health Industry Co., Ltd.) 106, No. 3, Shuangshan Avenue, Nansha District, Guangzhou, People's Republic of China; and

   b. Guangzhou Wang Lao Ji Great Health Enterprise Development Co., Ltd. (a/k/a WLJ Great Health Enterprises Development Co., Ltd.) 106, No. 3, Shuangshan, Avenue, Nansha District, Guangzhou, People's Republic of China (collectively, the "Chinese Defendants").

4.      Thereafter, in September and October 2022, DGR Legal began the process to serve the Chinese Defendants via the Hague Convention. This is a formal method of service for legal documents which are to be served in international matters under the Hague Convention.

5.      To conform with the requirements of the Hague Convention, DGR Legal translated the Summonses and Amended Complaint into Simplified Chinese.

6.   On October 26, 2022, Requests of Service Abroad of Judicial or Extrajudicial documents ("Requests") were prepared in order to serve the Chinese Defendants via the Hague Convention. The Requests, along with the translated Service Documents, were submitted to the proper government authority in China, namely, the International Legal Cooperation Center, Ministry of Justice of China, 33, Pinganli Xidajie, Xicheng District, Beijing 100035, People's Republic of China via its specified service portal.

7.   After receiving the Requests, the Ministry of Justice reviews the submitted Requests and Service Documents to confirm that they are in compliance with the requirements for service via the Hague Convention. If there are any discrepancies among the translated Service Documents (*e.g.*, the translation of company names do not match between the Request and the Summons or the addresses do not include the words "People's Republic of China"), then it is my experience that China will refuse to effectuate service.

8.   After the Ministry of Justice approves of the Requests, it will forward them with the Service Documents to the regional Supreme People's Court of China to arrange for service upon the Chinese Defendants by methods prescribed by China. Unfortunately, the timing of effectuating service on defendants varies depending on the particular region or district where the defendants reside.

9.   On or about October 28, 2022, the Central Authority had updated the status on their service portal to indicate that the Requests in this case (along with Service Documents) were forwarded to the Supreme People's Court of China for further processing. Unfortunately, only the Ministry of Justice operates an accessible portal and even when the Supreme People's Court sends the papers to the local courts for service, they do not update the Central Authority (Ministry of Justice) right away.

10. On or about April 25, 2023, having still not heard from the Ministry of Justice, DGR Legal made a status inquiry through the Ministry of Justice's portal, and on May 3, 2023 learned through the Ministry of Justice portal that the Chinese Defendants did not receive the Service Documents. The portal only indicated that they had not been not served due to discrepancies in the names or addresses in Chinese characters between the translation of the company names on the Summonses and those on the Requests. The Supreme People's Court of China rejected the requests to serve the Chinese Defendants because of the alleged discrepancies between the Summonses and Requests.

11. Under my direction, DGR Legal's linguistic specialist reviewed the Summonses and Requests and found no significant differences in the names of the Chinese Defendants between the Chinese translations in the Service Documents and the Requests. There were only minor discrepancies in the names that were in the nature of diction rather than indicating different names of the entities.

12. In our experience, service of defendants in China via the Hague Convention can take anywhere from 12 months to 24 months due to delays in processing of service requests in China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 10th day of July, 2023.

July 10, 2023

*Melissa Giambattista*

MELISSA GIAMBATTISTA
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 9/17/2024

Anthony Mboho
DGR Legal, Inc.
1359 Littleton Road
Morris Plains, NJ 07950