USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/30/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
MULTI ACCESS LIMITED, :
:
Plaintiff, :
: 20-cv-7397 (LJL)
-v- :
: MEMORANDUM AND
GUANGZHOU BAIYUNSHAN : ORDER
PHARMACEUTICAL HOLDINGS CO., LTD. :
(AKA GUANGZHOU BAIYUNSHAN :
PHARMACEUTICAL HOLDING CO., LTD.); :
WLJ (AMERICA) CO. INC.; GUANGZHOU :
WANGLAOJI GREAT HEALTH CO., LTD.; :
GUANGZHOU WANG LAO JI GREAT :
HEALTH INDUSTRY CO., LTD. (AKA WLJ :
GREAT HEALTH INDUSTRY CO., LTD.); :
GUANGZHOU WANGLAOJI :
PHARMACEUTICAL CO., LTD.; :
GUANGZHOU WANG LAO JI GREAT :
HEALTH ENTERPRISE DEVELOPMENT CO., :
LTD. (AKA WLJ GREAT HEALTH :
ENTERPRISES DEVELOPMENT CO., LTD.); :
GUANGZHOU PHARMACEUTICAL :
HOLDINGS LTD. (AKA GUANGZHOU :
PHARMACEUTICAL GROUP); GUANGZHOU :
WANG LAO JI GREAT HEALTH ENTERPRISE :
CO., LTD.; GUANGZHOU WANGLAOJI :
HEALTH INDUSTRY CO., LTD., and TRISTAR :
FOOD WHOLESALE CO. INC., :
:
Defendants. :
:
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Multi Access Limited ("Plaintiff") moves pursuant to Federal Rule of Civil

Procedure 4(f)(3) for an order authorizing alternative service on Defendants Guangzhou Wang

Lao Ji Great Health Enterprise Development Co., Ltd. and Guangzhou Wang Lao Ji Great Health

Industry Co., Ltd. (collectively, the "Great Health Defendants") through messages to their

accounts on ecommerce and social media websites, emails, or notices in online publications. Dkt. No. 159.  Defendants Guangzhou Baiyunshan Pharmaceutical Holdings Co., Ltd.,[1] WLJ (America) Co. Inc., and Tristar Food Wholesale Co. Inc. respond that Plaintiff's request is inconsistent with recent case law.  Dkt. No. 166.  For the following reasons, the motion is denied.

Plaintiff alleges it is the successor in interest to the U.S. rights that once belonged to several companies owned by the descendants of Wong Lo Kat (王老吉), the nineteenth-century creator of a famous herbal tea formula.  Dkt. No. 77 ¶ 18.  Plaintiff claims that the Defendants in this suit, including the Great Health Defendants, have unlawfully copied and misappropriated Plaintiff's trademarks, trade dress, and copyright with respect to its canned Wong Lo Kat herbal beverage.  *Id.* ¶ 3.  According to Plaintiff, the Great Health Defendants are registered and have their principal places of business in China.  *Id.* ¶¶ 11, 13.

Plaintiff's counsel retained an international process server to effect service on the Great Health Defendants consistent with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, November 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention" or "Convention").  Dkt. No. 161 ¶ 1.  The process server translated Plaintiff's operative complaint, exhibits, and summonses into Simplified Chinese and then submitted those documents to the Chinese Ministry of Justice's International Legal Cooperation Center for forwarding to the regional Supreme People's Court of China and service upon the Great Health Defendants as prescribed by Chinese law.  *Id.* ¶¶ 5–6, 8.  The Ministry of Justice indicated on October 28, 2022 that it had forwarded Plaintiff's materials to

---

[1] The Court subsequently granted Defendant Guangzhou Baiyunshan Pharmaceutical Holdings Co., Ltd.'s motion to dismiss the complaint for lack of personal jurisdiction.  *See* Dkt. No. 167.

2

the Supreme People's Court.  *Id.* ¶ 9.  However, on May 3, 2023, the Ministry of Justice informed Plaintiff that the Supreme People's Court had rejected Plaintiff's documents due to discrepancies between the translations of the names of the Great Health Defendants into Chinese characters.  *Id.* ¶ 10.  Plaintiff's counsel laments that "[t]here were only minor discrepancies" in the translations and that restarting service on the Great Health Defendants via the Hague Convention could "take anywhere from 12 months to 24 months."  *Id.* ¶¶ 11–12.

To avoid that delay, Plaintiff moves the Court to permit service through one or more of the following methods: messaging the Great Health Defendants' accounts on ecommerce and social media websites, Dkt. No. 160 at ECF pp. 13–15; emailing addresses listed on those websites, *id.* at ECF pp. 15–16; or issuing notices in online publications such as the People's Court Daily, Guangzhou Daily, or Southern Metropolis Daily, *id.* at ECF pp. 16–17.

Federal Rule of Civil Procedure 4(f) sets forth three methods pursuant to which an individual may be served outside of the United States.  The Rule states:

> SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY.  Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
>   (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
>   (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>     (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
>     (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
>     (C) unless prohibited by the foreign country's law, by:

>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). For foreign corporations, Rule 4(h)(2) provides that "[u]nless federal law provides otherwise or the defendant's waiver has been filed" service must be effected "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

"Service pursuant to subsection (3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Ctr. Way Co. Ltd. v. Ningbo Wolfthon Tech. Co.*, 2022 WL 19003380, at *1 (S.D.N.Y. Nov. 9, 2022) (quoting *Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010)). "Under Federal Rule of Civil Procedure 4(f)(3), 'a Court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process.'" *F.T.C. v. Pecon Software Ltd.*, 2013 WL 4016272, at *3 (S.D.N.Y. Aug. 7, 2013) (quoting *S.E.C. v. Anticevic*, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009)).

Both the United States and China are signatories to the Hague Convention and "compliance with the Convention is mandatory in all cases to which it applies." *Ctr. Way Co. Ltd.*, 2022 WL 19003380, at *1 (quoting *Smart Study Co. v. Acuteye-US*, 2022 WL 2872297, at *4 (S.D.N.Y. July 21, 2022)). While there is a division of judicial authority on whether the

4

Hague Convention forbids service via online methods not specified in the Convention,[2] the undersigned agrees with the courts that have held that the Convention prohibits those means of service. *See Cawthon v. Zhousunyijie*, 22-cv-3021 (LJL), slip op. at 6 (S.D.N.Y. Jan. 13, 2023). That is so because the Hague Convention "specifies certain approved methods of service and 'preempts inconsistent methods of service' wherever it applies." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988)); *see also Smart Study*, 2022 WL 2872297, at *7 ("As numerous courts have recognized, binding Supreme Court precedent indicates that the Hague Convention outlines specific methods of service, and that methods of service that are not specifically authorized are impermissible under the Convention."); *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 983 (N.D. Cal. 2020).

Article 1 of the Hague Convention "appl[ies] in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." 20 U.S.T. at 362. The Convention obligates "each state to establish a central authority to receive requests for service of documents from other countries. Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law." *Schlunk*, 486 U.S. at 699. Additionally, the Convention "permits alternative methods of service unless the receiving country objects," including "service by diplomatic and consular agents, service through consular channels, service on judicial officers in the receiving country, and direct service 'by postal channels.'" *Smart Study*, 2022 WL 2872297, at *7 (quoting

---

[2] *Compare Smart Study*, 2022 WL 2872297, at *5, *and Kelly Toys Holdings, LLC. v. Top Dep't Store*, 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022), *with Equipav S.A. Pavimentacao, Engenharia e Comercia Ltda. v. Bertin*, 2022 WL 2758417, at *3 (S.D.N.Y. July 14, 2022).

*Facebook*, 480 F. Supp. 3d at 980).  Countries can also "designate additional methods of service within their borders, either unilaterally or through side agreements with each other." *Facebook*, 480 F. Supp. 3d at 980.

"China has objected to most of these alternative methods of service, including service by postal channels." *Cawthon*, 22-cv-3021, slip op. at 7 (quoting *Facebook*, 480 F. Supp. 3d at 980); *see China—Central Authority & Practical Information*, Hague Conf. on Priv. Int'l L. (last visited Aug. 29, 2023)), https://www.hcch.net/en/states/en/states/authorites/details3/?aid=243.  Service via website messaging, email, or online publication is equally impermissible because "[t]he Convention-delineated methods of service (along with the methods that countries unilaterally and bilaterally agree to under Articles 11 and 19) are exclusive." *Facebook*, 480 F. Supp. 3d at 984.  Otherwise, Articles 11 and 19 of the Convention—which permit countries to allow additional methods of service from abroad by agreement or internal law—would be "largely superfluous." *Smart Study*, 2022 WL 2872297, at *8.  Because China has not authorized service via ecommerce or social media websites, emails, or notices in online publications, Plaintiff cannot avail itself of those methods to serve the Great Health Defendants.

Plaintiff asserts that the Great Health Defendants are already aware of this lawsuit, so "the purpose of the service requirement [is] accomplished." Dkt. No. 171 at ECF p. 7 (alteration in original) (quoting *Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *5 (S.D.N.Y. July 17, 2020)).  "But courts have 'requir[ed] service anew, even if a defendant has notice of the pendency of the action,' and this Court has a similar responsibility to ensure that any alternative method of service that is ordered provides a defendant with formal notice and thus comports with constitutional due process." *Convergen Energy LLC*, 2020 WL 4038353, at *5 (alteration in

original) (quoting *Arista Records LLC v. Media Servs. LLC*, 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008)).

Finally, Plaintiff seeks to analogize to *Montano v. Herrera*, in which the court permitted service by email on a defendant located in Venezuela. 2023 WL 2644340, at *3 (S.D.N.Y. Mar. 27, 2023). Like Plaintiff here, the plaintiff in *Montano* attempted to transmit the complaint and summons to a foreign central authority pursuant to the Hague Convention. *See id.* at *2. However, the Venezuelan central authority thwarted plaintiff's efforts by "simply refus[ing] to accept the package." *Id.* The *Montano* court therefore concluded that requiring the plaintiff to comply with the Hague Convention "would be futile" as it "would leave [p]laintiff with no recourse." *Id.* By contrast, the Chinese Ministry of Justice accepted Plaintiff's documents and submitted them to the regional Supreme People's Court. Dkt. No. 161 ¶ 9. The Supreme People's Court rejected them due to translation discrepancies that Plaintiff's counsel concedes were in those documents. *Id.* ¶¶ 10, 11. Restarting service on the Great Health Defendants in accordance with the exclusive methods set forth in the Hague Convention may result in unfortunate delay, *see id.* at ¶ 12, but that concern is a far cry from the futility that justified service by email in *Montano*, *see* 2023 WL 2644340, at *2.

Plaintiff's motion for an order permitting alternative service upon the Great Health Defendants is DENIED.

SO ORDERED.

Dated: August 30, 2023
New York, New York

_____
LEWIS J. LIMAN
United States District Judge