```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
MULTI ACCESS LIMITED,                                              :
                                                                   :
                             Plaintiff,                            :
                                                                   :      20-cv-7397 (LJL)
            -v-                                                    :
                                                                   :         ORDER
GUANGZHOU BAIYUNSHAN PHARMACEUTICAL                                :
HOLDINGS CO., LTD. et al.,                                         :
                                                                   :
                             Defendants.                           :
                                                                   X
--------------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/07/2025

LEWIS J. LIMAN, United States District Judge:

The motion of Plaintiff Multi Access Limited ("Plaintiff") for an order compelling Defendants Guangzhou Wang Lao Ji Great Health Industry Co., Ltd. And Guangzhou Wang Lao Ji Great Health Enterprise Development Co., Ltd. (together, "Defendants") to produce a 30(b)(6) witness to testify on the remaining 26 30(b)(6) topics for an additional 8 hours is granted in part. Defendants shall produce either Ms. Li or another properly prepared witness to testify on the remaining 26 topics for a total of 6 additional hours of questioning time.

The Court may allow additional time for a deposition "if needed to fairly examine the deponent, or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). "For purposes of th[e] durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." Fed. R. Civ. P. 30(d), advisory committee notes to 2000 Amendment; 8A C. Wright & A. Miller, Federal Practice & Procedure § 2103 (3d ed.). If a person designated by a corporation to serve as its 30(b)(6) witness does not have personal knowledge regarding the matters set out in the deposition notice, "then 'the corporation is obligated to prepare them so that they may give

knowledgeable answers.'" *Coty Inc. v. Excell Brands, LLC*, 2016 WL 7187630, at *2 (S.D.N.Y. Dec. 9, 2016) (quoting *Spanski Enters., Inc. v. Telewizja Polska*, 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009)); *see also Rocco v. New York State Ct. Officers Ass'n*, 2024 WL 5247686, at *1 (S.D.N.Y. Dec. 30, 2024) (same).  Accordingly, counsel is entitled to inquire into how the witness prepared herself for a deposition, including the contents of conversations the witness had to acquire information responsive to the subjects in the deposition notice.

The Court has reviewed the transcript of the deposition of Ms. Li.  The witness frequently was unprepared to testify to the subjects in the deposition notice.  In addition, the deposition was delayed by the need to use an interpreter.  Ms. Li testified for five hours and forty-five minutes.  Plaintiff has established good cause for an additional six hours of testimony.  Defendants shall properly prepare the witness on pain that, if the witness is not properly prepared, the Court may extend the deposition or allow a motion for sanctions.

The Plaintiff's motion to file Exhibit B under seal is additionally granted.

The Clerk of Court is respectfully directed to close the motion at Dkt. Nos. 266 and 267.

SO ORDERED.

Dated: November 7, 2025
       New York, New York

LEWIS J. LIMAN
United States District Judge