UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                  :

MULTI ACCESS LIMITED,                                             :
                                  :

             Plaintiff,                               :
                                  :           20-cv-7397 (LJL)

     -v-                                                      :

                                  :        MEMORANDUM &
GUANGZHOU BAIYUNSHAN PHARMACEUTICAL   :            ORDER
HOLDINGS CO., LTD et al.,                                         :

                                  :

             Defendants.                              :
                                  X

-------------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/01/2026

LEWIS J. LIMAN, United States District Judge:

On March 26, 2026, Defendants submitted a letter motion seeking to compel discovery. Dkt. No. 315.[1]  Defendants request that the Court order Plaintiff to produce (1) an additional 30(b)(6) witness to address Topic 1 (Plaintiff's formation, ownership structure, and corporate history) on the basis of a document produced in a distinct deposition, and (2) a 30(b)(6) witness to testify on Topic 11 (Plaintiff's awareness of Defendants' products, including when and how such awareness arose and any actions taken thereafter).  Defendants attached to its motion a declaration of counsel and five exhibits.  Dkt. No. 316.  Plaintiff opposed the motion, along with three exhibits.  Dkt. No. 323.  Defendants submitted a reply letter on March 31.  Dkt. No. 325.

Addressing first the request for an additional 30(b)(6) witness to address Topic 1, Defendants argue that the additional deposition is necessary because on November 17, 2025, after the 30(b)(6) deponent offered to speak on Topic 1 had been deposed, Plaintiff produced a

---

[1] Defendant previously submitted a letter motion to compel different discovery on March 22, 2026.  Dkt. No. 306.  That dispute was resolved between the parties.  Dkt. No. 314. Accordingly, that motion, and an accompanying motion to seal an attached exhibit, Dkt. No. 310, are denied as moot.

corporate organizational chart that had not been previously disclosed.  Dkt. No. 315 at 1.[2]  On

November 20, 2025—following disclosure of the corporate organizational chart—Defendants

requested that Plaintiff provide Mr. Leung, the deponent on the topic, or another competent

representative, for "further deposition regarding the org chart [Plaintiff] produced on" November

17.  Dkt. No. 316-1 at 2.  Plaintiff initially noted that it would inquire as to the dates on which

Mr. Leung would be available, *id.* at 3, but did not ultimately follow up on any availability,

despite Defendants' continued requests, *id.* at 4–6.  On December 17, 2025, Plaintiff noted that

although Mr. Leung was not available in December, he might be available in January.  *Id.* at 7.

Plaintiff later noted that the witness, Mr. Leung, was not available until February.  *Id.* at 11.  On

February 9, counsel for Plaintiff informed Defendants that it would "advise" as to his available

dates.  *Id.* at 13–14.  On March 18, Plaintiff explained that it would not produce Mr. Leung for

an additional deposition because "there does not appear to be any need to conduct a deposition

regarding the organizational chart."  Dkt. No. 316-3 at 4.

Defendants do not explain in their letter or elsewhere what information was revealed by

the newly produced chart that would require further deposition testimony.  Plaintiff has filed as

an exhibit, under seal, the corporate organizational chart produced in November to Defendants,

and the deposition testimony of Mr. Leung on Topic 1.  *See* Dkt. Nos. 324-1, 324-2.  First, the

Court addresses Plaintiff's motion to seal those exhibits.  There is a presumption of public access

to judicial documents.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir.

2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019).  A judicial document is a

document "relevant to the performance of the judicial function and useful in the judicial

process."  *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir.

---

[2] Page numbers refer to ECF pagination.

1995)).  If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing interests." *Lugosch*, 435 F.3d at 119.  Plaintiff argues that the documents must be sealed because they are subject to the Protective Order entered by the Court on January 29, 2025.  Dkt. No. 238.  But the mere fact that a document was marked "confidential" during discovery does not establish that sealing is required.  *See Lugosch*, 435 F.3d at 126; *accord Republic of Turkey v. Christie's Inc.*, 425 F. Supp. 3d 204, 221 (S.D.N.Y. 2019).  "To the extent a party's justification for sealing is based on a confidentiality order, the party has not met its burden." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *2 (S.D.N.Y. Apr. 20, 2021).

Plaintiff has offered no reason for the sealing of the attached documents other than the fact that they are covered by the protective order.  Defendants' boilerplate justification, without providing any information about the specific documents at issue or the harm unsealing would engender, amounts to "broad allegations of harm unsubstantiated by specific examples or articulated reasoning" and fails to satisfy their burden.  *Lytle v. J.P. Morgan Chase*, 810 F. Supp. 2d 616, 630 (S.D.N.Y. 2011).  Plaintiff's motion to seal is therefore denied.

The Court has reviewed both the corporate organizational chart and the deposition testimony of Plaintiff's 30(b)(6) witness addressing Topic 1.  On that review, it is clear that Defendants had the opportunity to examine the deponent about the company structure at the time of the deposition on July 10, 2025 and that the witness was prepared to testify on that topic.  It is also not evident from Defendants' letter motion what additional information they would elicit from a 30(b)(6) deponent examined again on the topic.  Defendants state that they should be entitled to examine Plaintiff "on the entities and relationships depicted in the chart," Dkt. No. 325 at 2, but fail to indicate how such testimony would be relevant or what was disclosed in the

3

chart that Defendants could not have inquired about earlier.  "Generally, a second deposition is only allowed where either (a) the deposing party was obstructed from fully examining the witness, or (b) new information or new allegations arose post-deposition that would have affected the questioning at the initial deposition."  *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 2019 WL 1533212, at *2 (S.D.N.Y. Apr. 9, 2019).  Courts frequently deny requests to reopen a deposition where the party seeking the testimony could have obtained the testimony it seeks during the original deposition.  *See CBRE, Inc. v. Pace Gallery of New York, Inc.*, 2019 WL 13148708, at *2 (S.D.N.Y. Nov. 25, 2019) (denying request to reopen deposition where the information sought could have been obtained during the prior deposition and did not constitute "new" information and where the limited benefit of further testimony relevant to Defendants' affirmative defenses did not outweigh the burden of requiring a second deposition); *Thompson v. Spota*, 2017 WL 1155799, at *3 (E.D.N.Y. Mar. 27, 2017) (denying request for second deposition on the basis of new materials where the additional materials merely "amplify[y] information already known); *Fashion Exchange*, 2019 WL 1533212, at *3 (denying a request for a new deposition where "plaintiff provides no new circumstances warranting a second deposition").  *Cf. Keck v. Union Bank of Switzerland*, 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997) (granting request for a second deposition where "the witness was inhibited from providing full information at the first deposition" or "where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition.")[3]

---

[3] Defendants assert that they were lulled into not moving earlier for testimony regarding the corporate structure because Plaintiff did not initially rebuff the request but instead offered to inquire as to dates the witness might be available.  Dkt. No. 325 at 1.  The Court does not base its decision with respect to Topic 1 on Defendants' failure to move to compel at an earlier date.

As to the request for an order compelling Plaintiff to produce an additional 30(b)(6) witness on Topic 11, Defendants first requested further deposition testimony on March 17, 2026. Dkt. No. 316-2 at 6. Defendants rely on a portion of the July 2025 deposition testimony of the deponent, Ms. Leung, in which the witness explained that she was not "specifically aware of when or how MAL itself became aware of defendants' products in the United States." *Id.* On March 18, Plaintiff explained that it would not produce any further witnesses to be deposed on Topic 11 because Defendants had not raised any need to take such testimony in prior meet and confers or communications with the Court. Dkt. No. 316-3 at 4. "Pursuant to Rule 30(b)(6), the deponent 'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.'" *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (quoting S.*E.C. v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992)).

The single line of testimony which the Defendants rely on is not sufficient to show that Ms. Leung was not prepared as a 30(b)(6) witness to testify on Topic 11. *See* Dkt. No. 316-4. The Court has reviewed her deposition testimony and finds that she testified extensively on Topic 11 in response to Defendants' questions. *See* Dkt. No. 324-3. Ms. Leung testified that she first became aware of Defendants' products in the United States when she travelled there herself in 2014. *Id.* at 10:3–9. She told her colleagues about those products. *Id.* at 11:21–12:11. In response to the question, "how did MAL specifically become aware," *id.* at 13:2–3, she answered "[s]pecifically its me who knew," *id.* at 13:4. She noted that she did not tell Mr. Chan, the owner of Plaintiff, directly. *Id.* at 17:6–9. And only then did she state that she was not specifically

aware of when MAL became aware of the products. *Id.* at 17:10–13. That the Defendants did not elicit the specific answer they were hoping for in response to their questioning is not grounds for a renewed deposition. *See Gardner-Alfred v. Fed. Rsrv. Bank of New York*, 2023 WL 2366916, at *2 (S.D.N.Y. Mar. 6, 2023).[4]

In reply, Defendants argue that Ms. Leung's answers were in her personal capacity, rather than in her capacity as a 30(b)(6) witness. Dkt. No. 325 at 2. However, she was deposed only as a representative of the corporation and thus gave her answers in that capacity. If her answer as the corporate representative prepared on the topic was that she did not know, then the corporation did not know. MAL is bound by that answer. *See Reilly v. Natwest Mkts. Grp., Inc.*, 181 F.3d 254, 268 (2d Cir. 1999) (the rule 30(b)(6) deponent gives "binding answers" on "behalf" of the company); *Sabre v. First Dominion Capital, LLC*, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001) ("A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.") (citing 8A Charles A. Wright et al., Federal Practice and Procedure § 2103 (2d ed. 1994)).

Defendants' motion to compel is denied. The Clerk of Court is respectfully requested to close Dkt. Nos. 306, 310, 315, and 324.

SO ORDERED.

Dated: March 31, 2026
      New York, New York

                        LEWIS J. LIMAN
                    United States District Judge

---

[4] Moreover, Defendants have given no good reason for the 10-month delay in bringing its letter motion regarding Topic 11. The Court has entertained several different letter motions with the parties and held related conferences about discovery disputes since the deposition was taken on July 3, 2025. Defendants did not raise this issue at any of those junctures.