USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/08/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MULTI ACCESS LIMITED,

Plaintiff,

-v-

GUANGZHOU BAIYUNSHAN PHARMACEUTICAL HOLDING CO. LTD., et al.,

Defendants.

20-cv-7397 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Pending before the Court are various letter motions to seal related to the motion for partial summary judgment filed by Plaintiff Multi Access Limited ("MAL"), Dkt. No. 343, and the motion for partial summary judgment filed by Defendants/Counterclaim-Plaintiffs Guangzhou Wang Lao Ji Great Health Enterprise Co., Ltd., Guangzhou Wang Lao Ji Great Health Enterprise Development Co., Ltd., Tristar Food Wholesale Co. Inc., WLJ (America) Co. Inc (collectively, "Defendants"), Dkt. No. 349. Dkt. Nos. 341, 342, 375. Familiarity with this long-running dispute is presumed.

**LEGAL STANDARD**

There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). "[I]t is well-settled that 'documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to

which a strong presumption of access attaches.'" *Brown*, 929 F.3d at 47 (quoting *Lugosch*, 435 F.3d at 121). To overcome the presumption, "the proponent of sealing must establish through specific, on the record findings that sealing is essential to preserve higher values and is narrowly tailored to serve that interest." *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 67 (2d Cir. 2025) (citation modified). "Courts have . . . frequently held that protection of confidential commercial information and trade secrets may overcome the presumption of public access." *Adstra, LLC v. Kinesso, LLC*, 2025 WL 1002253, at *1 (S.D.N.Y. Mar. 31, 2025) (collecting cases). To determine whether such information is properly subject to sealing, courts may look to whether "the information [is] still . . . relevant to the business" and "the degree to which a party would be competitively harmed if the information were revealed." *Jackpocket, Inc. v. Lottomatrix NY LLC*, 2022 WL 17738779, at *2 (S.D.N.Y. Dec. 15, 2022) (citation modified).

## DISCUSSION

The Court addresses each of the three sealing motions in turn.

### I. Defendants' Letter Motion to Seal (Dkt. No. 341)

Defendants and MAL request sealing of some of Defendants' materials filed in connection with its summary judgment motion. Defendants seek to seal certain sales information mentioned in Dkt. Nos. 346-19 and 346-21. Dkt. No. 341 at 2–3; *see* Dkt. Nos. 363-37, 369-19.[1] Defendants also request sealing of specific commercial terms from a trademark license agreement, Dkt. No. 346-23, and shareholder agreement, Dkt. No. 346-16. Dkt. No. 341 at 3–4; *see* Dkt. Nos. 363-25, 369-26. MAL does not oppose these requests. Because Defendants' requests are for narrowly tailored redactions to cover sensitive business information, the Court

[1] Dkt. No. 346-21 also includes a translation of the bills of lading from Chinese to English with proposed sealing indicated on the English translation in parallel. Dkt. No. 369-19 does not include the English translation with publicly filed redactions, only redactions to Chinese bills.

grants sealing. For publicly filed exhibits that are not exact copies of those under seal, with redactions applied as indicated, Defendants are ordered to refile public versions by October 15, 2026, to ensure the public versions mirror the document under seal. *See supra* 2 n.1.

In the same motion, MAL requests that three categories of Defendants' materials be sealed. Dkt. No. 341 at 6. First, MAL seeks sealing of Dkt. Nos. 346-3 to 346-9 and Dkt. Nos. 346-12 to 346-15 because the documents "contain confidential and sensitive terms." Dkt. No. 341 at 6. Of those documents, Dkt. Nos. 346-3 and 346-4 are deposition transcript excerpts that MAL seeks to seal in full. *See* Dkt. No. 363-3, 363-11. The other docket entries are license agreements, also sought to be sealed in full, that contain potentially sensitive terms but also other clauses that do not raise concerns of competitive harm.[2] Moreover, some agreements date back to 1995. *See Aleksanian v. Uber Techs. Inc.*, 2026 WL 836027, at *2 (S.D.N.Y. Mar. 26, 2026) ("[F]inancial and business information that is stale is less likely to warrant protection."). The Court thus denies the request, without prejudice to a renewed motion with tailored redactions for the license agreements, and with prejudice to the deposition transcripts, which do not concern specific and sensitive business terms.

Second, MAL seeks to seal personally identifying information at Dkt. Nos. 346-10 and 346-11. The request is granted. The publicly filed versions reflect redactions only as necessary to protect sensitive information. *See* Dkt. No. 363-17, 363-18.

Third, MAL seeks to seal financial information in Dkt. Nos. 346-18, 346-19, and 346-22. The Court has already resolved sealing as to Dkt. No. 346-19. Dkt. No. 346-18 is the Initial

---

[2] The Court notes that although MAL requests the sealing of Dkt. No. 346-7 ("Exhibit 12. Tri-Party Licensing Agreement for Production, dated February 20, 1995"), that agreement, drafted in Chinese, is publicly available on the docket at Dkt. No. 363-14, and therefore is not a proper subject for sealing.

Expert Report and Disclosure of Juli Saitz (the "Saitz Report"). Though the report may contain confidential information, MAL's request to seal the document in full is not narrowly tailored and is denied on that basis without prejudice to a renewed narrow request for sealing. Lastly, Dkt. No. 346-22 is a one-page bill of lading that may be sealed in full.

## II. MAL's Letter Motion to Seal (Dkt. No. 342)

With respect to MAL's filings, MAL requests to seal five sets of documents and categories of information: (1) distribution and licensing agreements, Dkt. Nos. 353-1, 353-3 to 353-5, 353-7 to 353-11, 379-2; (2) documents concerning strategy and trademark-related purchase documents, Dkt. Nos. 360-1, 379-1; (3) documents containing personally identifying information, Dkt. Nos. 353-2, 353-6; (4) documents containing work product information, Dkt. No. 352-36; and (5) shipping and sales documents, Dkt. Nos. 353-12 to 353-32. Dkt. No. 342 at 3. Defendants request sealing of non-public commercial information in Dkt. Nos. 353-30 and 353-31. *See* Dkt. Nos. 352-40, 352-41. MAL also seeks to seal or, in the alternative, strike the arbitral award by the China Internal Economic and Trade Arbitration Commission (the "CIETAC Award") and the civil ruling of the Supreme People's Court of the People's Republic of China ("SPC Ruling") that Defendants filed. Dkt. No. 342 at 4–5; Dkt. Nos. 346-1, 346-2.

MAL's request as to the licensing agreements is denied without prejudice to renewal. MAL again seeks to seal entire agreements without proposed redactions. The requests are therefore overbroad. Moreover, for Dkt. Nos. 353-1 and 379-2, the request is denied with prejudice because the proposed redactions to the declaration and deposition testimony do not concern current specific or sensitive business terms. *See* Dkt. Nos. 352-2, 378-3.

The Court grants MAL's sealing requests as to the other four categories of documents and information. Each request is tailored to serve the interests of mitigating competitive harm, minimizing potential exploitation by bad actors, or honoring the attorney work product privilege.

The publicly filed versions contain redactions only as necessary, *see, e.g.*, Dkt. No. 353-2, 352-36, or the document has been filed fully under seal where no limited redactions would suffice, *see, e.g.*, Dkt. Nos. 353-12, 353-27, 360-1.

Defendants' request to seal portions of non-public information in Dkt. Nos. 353-30 and 353-31 is granted. The request is tailored to seal information that would reveal customer identities, pricing, volume, or other sensitive financial information.

The Court denies the request to seal the CIETAC Award and SPC Ruling. MAL contends that the CIETAC Award and SPC Ruling are irrelevant and that the documents' sole purpose is to "harass MAL and its owner." Dkt. No. 342 at 4–5. As this Court has previously explained, "the sealing decision on a motion for summary judgment ordinarily does not envision the Court making a ruling based on relevance." *Lively v. Wayfarer Studios LLC*, 2026 WL 145483, at *3 (S.D.N.Y. Jan. 20, 2026). "If a party believes that a document could have no conceivable relevance to a motion for summary judgment, its remedy is a motion to strike." *Id.* (citing *Brown*, 929 F.3d at 51–52). MAL has not identified a higher interest that would be served by sealing the CIETAC Award and SPC Ruling and asks the Court to make a premature assessment of relevance. The Court thus denies the request to seal. As for a motion to strike, MAL has not met its burden of showing that the CIETAC Award and SPC Ruling are "scandalous." *Lugosch*, 929 F.3d at 51 n.42.

**III. MAL's Second Letter Motion to Seal (Dkt. No. 375)**

MAL's second letter motion to seal concerns Dkt. Nos. 379-1 and 379-2 and a portion of MAL's reply memorandum of law concerning United States sales and revenue from 2007 to 2013. Dkt. No. 375 at 3. As discussed above, the Court grants sealing with respect to Dkt. No. 379-1 and denies sealing with respect to Dkt. No. 379-2. The request to redact the United States

sales and revenue figures from MAL's reply memorandum of law is granted insofar as it relies on Dkt. No. 353-32, which the Court has permitted to be sealed.

## CONCLUSION

The Court orders MAL to file the documents (*e.g.*, license agreements, the Saitz Report) for which sealing has been denied publicly on the docket or to file a new letter motion to seal—only with respect to those requests that have been denied without prejudice—with proposed redactions by October 15, 2026. Any renewed motion shall indicate whether there exists any opposition to sealing. If MAL renews its request for sealing, the redacted public versions are to be filed simultaneously with the renewed motion. In addition, Defendants are ordered to confirm via letter by October 15, 2026, that each publicly filed version of a filing reflects the exact document under seal with the appropriate redactions as necessary.

SO ORDERED.

Dated: October 8, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge